# United States Court of Appeals
## For the First Circuit

Nos. 09-2625; 09-2626

YONATTA CRISPIN-TAVERAS,

Plaintiff, Appellee,

v.

MUNICIPALITY OF CAROLINA; KARIMAR PERAZA-DELGADO; CAPTAIN RUBEN
MOYENO, Director of the Special Unit; LIEUTENANT JOHN
CRUZ-GONZALEZ; SERGEANT LUIS DIAZ-RUIZ,

Defendants, Appellants,

JOSE C. APONTE-DALMAU, as Mayor of the Municipality of Carolina;
COLONEL CARLOS HADDOCK, individually and in his capacity as
Commissioner of the Municipality of Carolina Police Department;
VANNESA CARMONA; ALFREDO RIVERA-SUAREZ; JOHN DOE 1-10; INSURANCE
COMPANY D, E, F,

Defendants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lipez, Siler,* and Howard,
Circuit Judges.

Johanna M. Emmanuelli Huertas and Jorge Martinez-Luciano on
brief for appellant Municipality of Carolina.
Angel E. Rotger-Sabat on brief for appellants Karimar Peraza-
Delgado, Captain Rubén Moyeno, Lieutenant John Cruz-González, and
Sergeant Luis Díaz-Ruiz.

*Of the Sixth Circuit, sitting by designation.

Mauricio Hernandez Arroyo on brief for appellee.

May 25, 2011

**SILER**, <u>Circuit Judge</u>. Plaintiff-Appellee Yonatta Crispin-Taveras ("Crispin") brought a civil rights action against Defendants-Appellants Municipality of Carolina (the "Municipality") and various Municipality police officers. The district court defaulted the defendants for discovery violations. After a jury trial on damages, the district court entered a judgment in favor of Crispin in the amount of $75,000. The Municipality and the individual officers now appeal, challenging the default sanction, the admission of psychological treatment evidence, the jury instructions, and the sufficiency of service of process. For the reasons stated below, we affirm.

## I. BACKGROUND

### A. Factual Background

During a baseball game between the Puerto Rico national team and the Dominican Republic national team held at the Roberto Clemente Stadium in Carolina, Puerto Rico, in 2007, a spectator known as "Oscar" was celebrating in the aisles with a Dominican flag. The Carolina Municipal Police Department intervened in order to eject Oscar from the stadium.

Crispin, a U.S. Marine from the Dominican Republic, was at the game wearing a hat with the insignia of the Dominican flag. He became involved in the confrontation and alleged that the police officers violently grabbed and removed him from the stands, struck him in the head with a metal baton, and then handcuffed and

detained him in the stadium detention center.  He was eventually transported to a hospital where he received stitches to close a wound to his head.

Both sides faced criminal charges.  Crispin was charged with aggravated assault and destruction of property, but the charges were dismissed.  Three of the officers, Lieutenant John Cruz-González ("Cruz"), Sergeant Luis Díaz-Ruiz ("Díaz"), and Officer Karimar Peraza-Delgado ("Peraza") were indicted on federal civil rights violations, but were acquitted.

## B.  Procedural Background

On October 25, 2007, Crispin filed a civil rights action in the District of Puerto Rico against the Municipality, the mayor of the Municipality, an association of Municipality police officers, two Commonwealth of Puerto Rico police officers, and three insurance companies.  He also named as defendants various individual Municipality police officers, including Captain Rubén Moyeno ("Moyeno"), Cruz, Peraza, and Díaz (collectively the "individual defendants").

### 1.  Service of Process

On April 3, 2008, Moyeno filed a motion to dismiss, and Cruz, Díaz, and Peraza filed a motion to join it.  They alleged they were served with the summons and complaint on February 28 and 29, 2008, which was more than 120 days after the filing of the complaint in violation of Federal Rule of Civil Procedure 4(m).

-4-

Crispin responded that dismissal was not required because there was no prejudice and Rule 4(m) allows the district court to direct service by a specified time, which was now unnecessary because the defendants were served. The district court denied the motions.

The Municipality filed an answer on September 4, 2008, and the individual defendants filed an answer on September 26, 2008. The individual defendants later filed a motion to withdraw their answer because they alleged that Cruz, Díaz, and Peraza were included in the answer by "human error." The district court granted the motion and allowed the withdrawal of their answer.

In February 2009, Peraza and Cruz filed a motion to dismiss for improper service. They alleged that Crispin failed to effectuate personal service and failed to do so within the time afforded by Rule 4(m). In opposition, Crispin argued that the defendants did not challenge the method of service in their April 2008 motion to dismiss. He further argued that service was properly executed upon an attorney in the Municipality's legal department. The district court denied the motion.

### 2. Discovery Disputes

In December 2008, Crispin filed a motion to compel, alleging that the individual defendants had failed to produce Rule 26 disclosures or answer Crispin's interrogatories or requests for production. The individual defendants opposed the motion, arguing

that they were not aware of any unproduced documents. The district court denied Crispin's motion without prejudice.

After a stay of the case during the pendency of the federal criminal proceedings, the district court conducted a scheduling conference. See Fed. R. Civ. P. 16. During the conference, the district court ordered the defendants to answer all pending written discovery requests within ten days and ordered discovery to be completed by June 30, 2009. Moyeno sent his Rule 26 initial disclosures to Crispin the day after the conference.

On June 11, 2009, Crispin filed a motion for sanctions against the Municipality, Cruz, Díaz, and Peraza, alleging they had failed to provide Rule 26 disclosures or respond to discovery requests. The district court conducted a telephone conference on June 24, 2009, and decided to hold the motion for sanctions in abeyance. Following the conference, the court issued the following ruling:

> Rule 26 Meeting Report due by 7/3/2009. I have noted the content of [Crispin's motion for sanctions] and make reference to the directions given by me during the telephone conference held today. If any of the mentioned parties have failed to fully comply with Rule 26 disclosures, then their last clear chance for compliance is the date set herein. Otherwise, sanctions will be imposed including striking evidence not included in Rule 26 disclosures. Be guided accordingly.

On June 24, 2009, Crispin moved for entry of default against Cruz, Díaz, and Peraza for their failure to file a responsive pleading.

Crispin also filed a motion on June 30, 2009, seeking additional time for his expert report because Cruz, Díaz, and Peraza never answered his interrogatories or requests for production of documents. Another reason he sought additional time was because the Municipality allegedly failed to comply with its continuing Rule 34 obligations. See Fed. R. Civ. P. 26 & 34. During the depositions of the officers, Crispin learned that the Municipality's Internal Affairs Department was conducting an investigation. Crispin alleged that, besides a two-page sworn statement by Díaz, the Municipality did not produce any documents arising out of this investigation. The district court gave Crispin an extension to produce the expert report.

On July 4, 2009, Crispin filed a motion "in compliance with" the district court's order holding Crispin's June 11, 2009 motion for sanctions in abeyance. Crispin requested numerous sanctions, including the imposition of a default judgment.

The defendants never filed an opposition to Crispin's June 11, 2009 motion for sanctions. On July 8, 2009, the district court found the Municipality, Cruz, Díaz, and Peraza in default, concluding:

> Having examined Defendants' track record of non-compliance with discovery

> obligations, and considering the averments contained in [Crispin's motions], the court ORDERS as follows:
>
> Defendants Municipality of Carolina, Karimar Peraza-Delgado, John Cruz-González, and Luis Díaz-Ruiz will face sanctions for their failure to comply with discovery obligations. Plaintiff's factual allegations are deemed admitted, Defendants' defenses and pleadings are stricken, and a liability default finding is made.

The Municipality filed a motion for reconsideration. It alleged it sent initial Rule 26 disclosures and produced all documents in its possession. In support, it attached a list of the exhibits it produced and a copy of its initial Rule 26 disclosures. Cruz, Díaz, and Peraza joined and supplemented the Municipality's motion. They alleged that their default was not willful because their DOJ attorney withdrew, leaving them without counsel and unable to respond to the motion for sanctions.

Crispin filed a "second motion for sanctions" against Moyeno, Puerto Rico Police Officers Vanessa Carmona and Alfredo Rivera-Suárez, and Carolina Police Commander, Colonel Carlos Haddock. He alleged they had not complied with outstanding discovery requests or produced Rule 26 disclosures. Moyeno never filed a response.

The district court ordered Crispin's counsel to file a list of outstanding discovery owed to Crispin by each defendant, and Crispin did so two days later.

The district court then granted Crispin's second motion for sanctions as to the other defendants, including Moyeno. It struck their pleadings and entered a default for their failure to provide timely discovery. The district court also denied the Municipality's motion for reconsideration of the default sanction.

### 3. Trial

A jury trial on damages commenced in October 2009. Before and during trial, the Municipality objected to the introduction of evidence concerning Crispin's psychological treatment on the grounds that Crispin failed to provide all of his medical records during discovery. Despite Crispin's failure to provide all of his medical records, the Municipality was able to acquire Crispin's medical records by subpoena.

The district court did not allow Crispin to present any evidence that he did not provide to the Municipality. On the other hand, the district court permitted the Municipality to use all of the medical records that it had acquired on its own by subpoena.

The Municipality proposed a lengthy jury instruction on causation, but the district court declined to give the proposed instruction. The jury rendered a verdict in favor of Crispin, and against the Municipality in the amount of $35,000, Moyeno in the amount of $10,000, Cruz in the amount of $10,000, Peraza in the

amount of $10,000, and Díaz in the amount of $10,000.[1]  This appeal followed.

## II.  ANALYSIS

## A.  Service of Process

The individual defendants argue that they were never properly served with process under Federal Rules of Civil Procedure 4(e) and (m) and, as a result, the judgment should be reversed. The district court's decision regarding dismissal for insufficient service of process is reviewed for abuse of discretion.  See Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 106 (1st Cir. 2008).

Federal Rule of Civil Procedure 4(m), which governs the timing of service, provides,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Federal Rule of Civil Procedure 12 allows a party to file a motion to dismiss for insufficient service of process.  This motion "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).

---

[1]The jury did not assess damages against Haddock, Carmona, and Rivera-Suárez.

"[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Omitting a defense under these circumstances results in waiver. Fed. R. Civ. P. 12(h)(1)(A); Chute v. Walker, 281 F.3d 314, 319-20 (1st Cir. 2002).

Moyeno filed a motion to dismiss for improper service under Rule 4(m) on April 3, 2008, and Cruz, Díaz, and Peraza filed a motion to join Moyeno's motion on April 14, 2008. These motions were filed before their responsive pleadings and thus were timely.

In their motions, the individual defendants challenged the timing of the service of process. Crispin's complaint was filed on October 25, 2007, and therefore service of process was due on or before February 22, 2008. See Fed. R. Civ. P. 4(m). The individual defendants were not served until February 28 and 29, 2008. Thus, the individual defendants were served over 120 days after the filing of the complaint in violation of Rule 4(m).

The problem for the individual defendants is that, when they filed these initial motions, they admitted that they were served and challenged only the timing of the service.[2] (DE 8

---

[2] Had the individual defendants not admitted they were served, they might have prevailed because the service was improper. Crispin attempted to serve the individual defendants by delivering a copy of the summons and complaint to an attorney in the Municipality's legal department. This method of service was effective only as to the official-capacity claims, but it was not effective as to the individual-capacity claims. See Perez-Sanchez,

-11-

("Ruben Mo[y]eno Cintron . . . w[as] served with summons on February 29, 2008.")); (DE 9 ("On February 28, 2008, the appearing defendants, [Cruz, Díaz, and Peraza], were served with summons and a copy of the Amended Complaint . . ..")).  A district court is not required to dismiss a defendant when service is not made within the 120-day deadline.  See Fed. R. Civ. P. 4(m).  The district court also has the option to "order that service be made within a specified time."  Id.  Given that the individual defendants admitted in their motion to dismiss that they were served on February 28 and 29, 2008, the district court's denial of the motion was effectively a ruling that service could be performed by February 29, 2008.  This decision was within the district court's discretion under Rule 4(m).

The individual defendants' later motion challenging the method of service does not help them.  This motion was filed on February 19, 2009, almost a year after the alleged service of process.  By this time, it was too late.  The individual defendants had already sought dismissal for improper service in April 2008. They could have objected to the method of service at that time. Their failure to do so means their objection to the method of service was waived.  See Fed. R. Civ. P. 12(g)(2); Fed. R. Civ. P. 12(h)(1)(A); SEC v. Beisinger Indus. Corp., 552 F.2d 15, 20 (1st Cir. 1977) (holding that insufficient service defense was waived

---

531 F.3d at 106.

where the defendants' initial motion to dismiss alleged only that service was impossible, not that service was improperly effectuated under Rule 4).

## B.  Default

Appellants argue the record does not support the district court's imposition of a default judgment.  The district court's imposition of a default judgment as a sanction is reviewed for abuse of discretion.  Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009).

Federal Rule of Civil Procedure 37(b) gives the district court a "veritable arsenal of sanctions" for failure to comply with discovery orders, including designating facts as established, striking pleadings, or rendering a default judgment.  Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007). Although a "drastic sanction," "[t]he entry of a default judgment provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." Remexcel Managerial Consultants, 583 F.3d at 51 (citations and internal quotation marks omitted).

When faced with a motion for sanctions, the non-moving party must file an opposition.  District of Puerto Rico Local Rule 7(b) states, "Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the

motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." A party's failure, on account of ignorance or neglect, to timely oppose a motion in the district court constitutes forfeiture. See Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 102 (1st Cir. 2003).

The Municipality, Cruz, Díaz, and Peraza never filed a response to Crispin's June 11, 2009 motion for sanctions. The district court gave them until June 29, 2009, to file a response to the motion. Although the district court held the motion in abeyance on June 24, 2009, this did not relieve the parties of their obligation to respond. Indeed, after the motion was held in abeyance, Crispin continued to file motions alleging the defendants were not complying with discovery obligations. When the district court defaulted the Municipality, Cruz, Díaz, and Peraza on July 8, 2009, they had still not responded. It was not until their motion for reconsideration that the defendants disputed Crispin's allegations. A motion for reconsideration of a sanction order, however, cannot revive claims that were forfeited by failing to timely oppose the original motion. See Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006). Accordingly, the Municipality, Cruz, Díaz, and Peraza forfeited any objection to Crispin's motion for sanctions.[3] See id.

_____

[3]There was at least a forfeiture here and therefore we will proceed under a forfeiture analysis. Given the local rule and the knowledge the parties had, they may have actually waived their

-14-

Similarly, Moyeno never responded to Crispin's July 16, 2009 motion for sanctions and therefore forfeited any objection to the motion. The district court gave Moyeno until August 3, 2009, to file a response. When the district court sanctioned Moyeno with default on August 11, 2009, Moyeno had not filed an opposition.

Because appellants forfeited their argument by failing to raise it in a timely manner, we review only for plain error. See Rivera-Torres, 341 F.3d at 102. "We apply the plain error doctrine 'stringently' in civil cases," Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion Familiar, 345 F.3d 15, 23 (1st Cir. 2003) (quoting Trull v. Volkswagen of Am., Inc., 320 F.3d 1, 6 (1st Cir. 2002)), and we are not persuaded that this is "one of those rare occasions when the standard is met," Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 36 (1st Cir. 2006).

By not filing responses, the defendants never informed the district court how they complied with their discovery obligations. Without any opposition, Crispin's assertions regarding the inadequacy of the defendants' responses could be credited by the district court. While default was a harsh sanction, it was brought on by appellants' persistent failure to comply with the court's discovery orders and was preceded by the court's "clear advance warning." Goya Foods, Inc. v. Unanue, 233 F.3d 38, 48 (1st Cir. 2000). There was no abuse of discretion—let

objection.

-15-

alone plain error—in the district court's decision to sanction appellants in this manner.  See Remexcel Managerial Consultants, 583 F.3d at 51.

## C.  Psychological Testimony

Appellants argue that the district court should have excluded testimony of Crispin's psychological treatment because Crispin failed to provide all of his medical records during discovery.

"We review the district court's decisions to admit or exclude evidence for abuse of discretion."  United States v. Jadlowe, 628 F.3d 1, 23 (1st Cir. 2010).  Federal Rule of Civil Procedure 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Crispin identified his treating physicians in his discovery materials, and therefore Rule 37(c)(1) does not preclude the admission of their testimony.  Although Crispin did not provide all of his medical records during discovery, the admission of the evidence was harmless to the Municipality because it was able to obtain the records on its own using a subpoena and the district court did not allow Crispin to use any records that he failed to provide to it.  Accordingly, there was no abuse of discretion in

the admission of evidence regarding Crispin's psychological treatment.

## D. Jury Instruction on Causation

Appellants argue that the district court's failure to give the Municipality's proposed jury instruction on causation was reversible error.

"The trial court's refusal to give a particular instruction constitutes reversible error only if the requested instruction was (1) correct as a matter of substantive law, (2) not substantially incorporated into the charge as rendered, and (3) integral to an important point in the case." White v. N.H. Dep't of Corr., 221 F.3d 254, 263-64 (1st Cir. 2000) (quoting United States v. DeStefano, 59 F.3d 1, 2 (1st Cir. 1995)).

The Municipality's argument fails at prong two because the jury was adequately instructed on causation. See id. The district court explained, "Any award you may enter in this case must be based on the evidence and must be based on your dispassionate analysis of the extent of the injuries, if any, sustained by the plaintiff as a result of any defendant's wrongs, if any." (emphasis added). The district court also instructed that damages must be found by a preponderance of the evidence and that "the mere fact that I am discussing the issue of damages doesn't mean that you have to find damages." These instructions adequately informed the jury that Crispin must prove the

-17-

defendants' actions caused the damages and that damages should not be presumed.  Thus, the district court did not err in refusing to give the Municipality's requested instruction.

**AFFIRMED.**