**JARDIN DE LAS CATALINAS LIMITED PARTNERSHIP, Jardin de Santa Maria Limited Partnership, Plaintiffs,**

v.

**George JOYNER, in his official capacity as Executive Director of the Puerto Rico Housing Finance Authority, Defendant.**

Civil No. 11–1374 (FAB).

United States District Court, D. Puerto Rico.

May 21, 2012.

---

56. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Ignacio Fernandez–De–Lahongrais, Fernandez & Alcaraz, PSC, San Juan, PR, for Plaintiffs.

Tomas A. Roman–Santos, Jose A. Acosta–Grubb, Jose L. Ramirez–Coll, Fiddler Gonzalez & Rodriguez, P.S.C, San Juan, PR, for Defendant.

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R & R") (Docket No. 27), regarding defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Rule 12(c)) (Docket No. 22), which plaintiffs did not oppose. Having considered the magistrate judge's recommendations, and the parties' objections and responses, the Court **ADOPTS** the R & R.

## DISCUSSION

### I. Procedural History

On April 19, 2011, Jardin de las Catalinas Limited Partnership ("Catalinas") and Jardin de Santa Maria Limited Partnership ("Santa Maria") (together, "plaintiffs") filed a complaint against George Joyner, in his official capacity as executive director of the Puerto Rico Housing Finance Authority ("PRHFA") (hereafter "defendant"), alleging a seizure of proper-

ty constituted by tax credits known as the Low Income Housing Tax Credit ("LIHTC") and amended by the Housing and Economic Recovery Act ("HERA"). (Docket No. 1.) On December 19, 2011, defendant filed a motion for judgment on the pleadings, alleging that plaintiffs lack a property interest in the credits and thus fail to state a violation of a constitutional right. In the alternative, defendant argues that plaintiffs' section 1983 claim is time-barred under the applicable statute of limitations. (Docket No. 22.) Plaintiffs moved the magistrate judge for an extension of time to respond to defendant's motion on December 21, 2011, and were granted an extension until January 20, 2012. (Docket Nos. 25 & 26.) Even after being granted the extension requested, plaintiff failed to oppose defendant's motion for judgment on the pleadings, and on January 26, 2012, the magistrate judge issued an R & R recommending that defendant's unopposed motion be granted. (Docket No. 27.)

After their prolonged absence, plaintiffs swiftly entered the scene and filed a motion asking the magistrate judge to reconsider the R & R. (Docket No. 28.) The magistrate judge denied plaintiffs' motion, and noted that "[t]he content of the reconsideration may be filed by plaintiffs as an objection to the Report and Recommendation." (Docket No. 29.) Plaintiffs filed their objections to the R & R, defendant filed an opposition to plaintiffs' objections, plaintiffs filed a reply, and defendant filed its surreply. (Docket Nos. 30, 33, 38, 43.) The Court now considers the applicable legal standards and the parties' arguments.

## II. Legal Standards

### A. Standard under 28 U.S.C. § 636(b)(1)

A district court may refer, *inter alia,* "a motion ... for judgment on the pleadings" to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A)-(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1). *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *LaCedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

### B. Federal Rule of Civil Procedure 12(c) Standard

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez–Acevedo v. Rivero–Cubano,* 520 F.3d 26, 29 (1st Cir.2008) (citing *Curran v. Cousins,* 509 F.3d 36, 43–44 (1st Cir.2007)). When considering a motion under Rule 12(c), a " 'court must view the

facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom. . . .' " *Id.* (quoting *R.G. Fin. Corp. v. Vergara–Nuñez,* 446 F.3d 178, 182 (1st Cir.2006)). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio–Hernandez v. Fortuño–Burset,* 640 F.3d 1, 12 (1st Cir.2011).

When faced with a motion for judgment on the pleadings, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.* at 12 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be treated as true, even if seemingly incredible." *Id.* (citing *Iqbal,* 129 S.Ct. at 1951). Where those factual allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. *Id.* (citing *Iqbal,* 129 S.Ct. at 1949).

### C. Plaintiffs' Waiver of any Objection to the Report and Recommendation

■ Plaintiffs failed to oppose defendant's motion for judgment on the pleadings. They moved for an extension of time to respond to defendant's motion, were granted the extension, and still failed to file a timely opposition to defendant's motion. (*See* Docket Nos. 25 & 26.) They presented their arguments on the merits of that motion in their objection to the report and recommendation. (*See* Docket No. 30.) After the magistrate judge granted defendant's motion for judgment on the pleadings, plaintiffs filed a motion for reconsideration of the R & R. (Docket No. 28.) The magistrate judge appropriately denied the plaintiffs' motion to reconsider, but noted that plaintiffs could make

their arguments in an objection to the R & R. (Docket No. 29.)

■ First, as a general matter, defendant correctly points out that plaintiffs' failure to raise the relevant claims in a timely manner results in a waiver of those objections. *See DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 33 (1st Cir.2001). "The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding." *Maurice v. State Farm Mut. Auto. Ins. Co.,* 235 F.3d 7, 10 (1st Cir. 2000). The Court finds that the arguments raised in plaintiffs' motion for reconsideration should have been raised in an opposition to defendant's motion and are therefore deemed waived.

■ Even had the motion never been referred to a magistrate judge, it is clear that "[a] party's failure . . . to timely oppose a motion in the district court constitutes forfeiture." *Crispin–Taveras v. Municipality of Carolina,* 647 F.3d 1, 7 (1st Cir.2011) (citing *Rivera–Torres v. Ortiz Velez,* 341 F.3d 86, 102 (1st Cir.2003)). Furthermore, the Court's local rules expressly state that by failing to file a timely opposition to a motion, "the opposing party shall be deemed to have waived objection." Loc. Civ.R. 7(b).

Although 28 U.S.C. § 636(b)(1)(C) gives parties the right to *de novo* review to specific parts of reports and recommendations to which they properly object, those parties are "not entitled to a *de novo* review of an argument never raised." *See Borden v. Sec'y of Health and Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); 28 U.S.C. § 636(b)(1)(C). Allowing parties to sit on their hands until after a magistrate judge has issued a report and recommendation would severely undermine the utility, and the purpose, of referring motions

to magistrate judges. *See id.* Thus, "parties must take before the magistrate [judge], 'not only their best shot but all of their shots.'" *Id.* (quoting *Singh v. Superintending Sch. Comm.,* 593 F.Supp. 1315, 1318 (D.Me.1984)). Given plaintiffs' failure to oppose the motion for judgment on the pleadings properly, they have consequently passed on any opportunity to present substantive arguments regarding that motion. *See id.; Crispin–Taveras,* 647 F.3d at 7; Loc. Civ.R. 7(b). Accordingly, the Court need not consider the arguments presented in plaintiffs' objections to the report and recommendation (Docket No. 30) or their reply to defendant's opposition. (Docket No. 38.)

## III. The Court's Review of the R & R

The magistrate judge granted defendant's motion for judgment on the pleadings on the basis that plaintiffs failed to state a cause of action under section 1983, and on the basis that their claims are time-barred by the applicable statute of limitations. (Docket No. 27.) While the Court need not consider plaintiffs' untimely motions, for the purposes of thoroughness, the Court has reviewed the applicable motions and is in agreement with the magistrate judge's analysis.

First, plaintiffs have not established an entitlement to a property interest in the tax credit created under section 42 of the Internal Revenue Code. Plaintiffs seem to acknowledge that the allocation of low income housing tax credits rests on the sole discretion of the state allocating agency, but argue that the increase in the LIHTC granted by HERA were not subject to discretion, but were mandated by federal statute. (Docket No. 30 at 3–4.) Plaintiffs have failed to cite to any relevant case law that contradicts First Circuit Court of Appeals precedent, which states that because the state agency has "absolute discretion to determine whether federal income tax credits are awarded to an applicant", an applicant has no "cognizable 'property interest' in the 'promised' federal income tax credits." *Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mortg. Finance Corp.,* 246 F.3d 1, 5–6 (1st Cir. 2001).

Plaintiff's reliance on *Rio Grande Community Health Center, Inc. v. Rullan* is misplaced. 397 F.3d 56, 72–73 (1st Cir. 2005) (holding that "a § 1983 action does lie for an FQHC [federally-qualified health center] to enforce the Secretary[] [of Health's] obligation to make wraparound payments under 42 U.S.C. § 1396a(bb).") As the *Rio Grande* court established, a violation of a federal right "must be 'unambiguously conferred' by the statutory provision at issue." *Id.* The language of the statute at issue in this case, 26 U.S.C. § 42, however, "simply mandates that states promulgate their own allocation plans regarding these federal income tax credits, without identifying *any* particular condition under which the states are obligated to allocate them." *Barrington Cove,* 246 F.3d at 6.

Thus, plaintiffs have no entitlement to tax credits under the LIHTC or under the HERA, which temporarily created a fixed floor rate of 9 percent for low income housing tax credits. The enactment of HERA does not explicitly affect the discretion of state agencies to grant or deny tax credits for low-income housing. In the absence of a statutory amendment or precedential case law, the Court finds that the First Circuit Court of Appeals, decision in *Barrington Cove* remains good law, and that plaintiffs have not shown an entitlement to a property interest in the allocation of tax credits under section 42 of the IRC.

Second, plaintiffs' claims are time-barred because plaintiffs filed a complaint after the statute of limitations on their section 1983 claim had run. As the R & R

states, Puerto Rico law is the guiding factor in determining the statute of limitations for a tort action in this district. (Docket No. 27 at 8–9.) Plaintiffs set forth three reasons why their claim is not time-barred: (1) the tort is continuous, (2) plaintiffs did not have adequate notice of the injury, thus requiring the statute of limitations to be tolled, and (3) equitable tolling applies to plaintiffs. (Docket No. 30 at 19–24.) The Court addresses each argument respectively.

As defendant correctly points out, a continuous tort under Puerto Rico law "is 'ongoing unlawful conduct,' not a continuing harmful effect." (Docket No. 33 at 10, citing *M.R. (Vega Alta), Inc. v. Caribe General Elec. Products, Inc.*, 31 F.Supp.2d 226, 240 (D.P.R.1998)). The form 8609 documents, which state the amount of credits that will be allocated to applicants, were sent to plaintiffs by defendant on or before April 15, 2010. (Docket No. 22–1, 22–2.) Thus, by April 15, 2010, plaintiffs were aware of how many credits they would be allocated, and how many credits were allegedly seized by the defendant. Plaintiffs filed their complaint on April 19, 2011, more than one year later; therefore, their claim is time-barred.

The date of receipt of the Form 8609 documents also goes against plaintiffs' claims of inadequate notice. The 8609 documents most clearly state the amount of credit to be allocated, and plaintiffs cannot seriously allege that they were "tricked" by defendant because they failed to do their own due diligence in reviewing the forms upon receipt.

█ Finally, the Court finds that the *Baldwin* factors are inapplicable and that plaintiffs are not excused from the statute of limitations. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (finding that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse

that lack of diligence.") The First Circuit Court of Appeals has outlined five factors to weigh when considering whether to allow equitable tolling: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 752 (1st Cir. 1988). The Court finds no reason to employ equitable tolling in this instance, because it has determined that plaintiffs knew or should have known when the alleged seizure occurred, because defendant would be highly prejudiced if plaintiffs' suit were allowed to continue, and because plaintiffs were not reasonable in remaining ignorant about when the alleged seizure took place. They were in receipt of the forms which clearly outlined allocated credits and chose to wait to file their complaint until after the statute of limitations had run. Thus, the Court finds that plaintiffs' claim is time-barred, plaintiffs had adequate notice of the alleged seizure, and equitable tolling is not appropriate.

## IV. Conclusion

The Court has made an independent examination of the record in this case and **ADOPTS** the magistrate judge's findings and recommendations. Plaintiffs have failed to state a cause of action under section 1983 because they have no legitimate property interest in tax credits granted pursuant to Section 42 of the IRC. Moreover, plaintiffs' claims are barred by the statute of limitations. Defendant's motion for judgment on the pleadings is **GRANTED** and plaintiffs' case is **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

Plaintiffs Jardín de las Catalinas Limited Partnership and Jardín de Santa María Limited Partnership (hereafter "plaintiff Catalinas" and/or "plaintiff Santa María") are limited partnerships organized under the laws of Delaware and authorized to do business in the Commonwealth of Puerto Rico. Catalinas is the owner of low income building consisting of 132 rental apartments in a qualified low income building under the Internal Revenue Code. Santa María is a limited partnership also organized under the laws of Delaware and the owner of a low income building consisting of 77 rental apartments qualified as low income building. Defendant is the Executive Director of the Puerto Rico Housing Finance Authority (hereafter "PRHFA" or "defendant"), a subsidiary of the Puerto Rico Government Development Bank, an instrumentality of the Commonwealth of Puerto Rico. PRHFA is the designated state allocation agency which administers and is responsible for the allocation of the Low Income Housing Tax Credits.

Plaintiffs Catalinas and Santa María filed above complaint against defendant for a claim arising under the Internal Revenue Code, for civil rights violation upon an alleged seizure as to property constituted by tax credit on federal income tax returns which was offset dollar for dollar from an indirect federal subsidy used to finance low-income housing. (Docket No. 1).

Plaintiffs submit that, upon enactment of the Housing and Economic Recovery Act of 2008, among other provisions, there was a temporary increase in the applicable credit percentage for buildings, such as theirs, that were placed in service after July 10, 2008. Despite said mandate, defendant seized the additional credits received from the U.S. Department of the Treasury instead of distributing those credits among the low income housing projects. Plaintiffs filed the complaint against defendant PRHFA for arbitrarily reducing the qualified basis for each project and, thus, seizing the additional credits received under federal law, which it entails a civil right claims for the taking of property under 42 U.S.C. Section 1983.

On December 19, 2011, defendant PRHFA filed a Motion for Judgment on the Pleadings. (Docket No. 22). Plaintiffs requested an extension of time to file their reply to the pending Motion for Judgment of the Pleading, which was granted until January 20, 2012. (Docket Nos. 25 and 26). The record shows that no reply has been filed.

The Court had previously referred the present case to this Magistrate Judge for case management and all further proceedings except the pretrial, and trial. As such, it is proper to issue a report and recommendation as to any pending dispositive motion. (Docket Nos. 10 and 11).

### STANDARD OF REVIEW FOR JUDGMENT ON THE PLEADINGS

■ The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *Pasdon v. City of Peabody,* 417 F.3d 225, 226 (1st Cir.2005); *Collier v. City of Chicopee,* 158 F.3d 601, 602 (1st Cir.1998).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted. To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). A com-

plaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (*citing Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants to survive a 12(b)(6) motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).[1]

The First Circuit has cited to this decision and noted this new standard in *Rodríguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 94–95 (1st Cir.2007), wherein, as stated in part below indicated:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Twombly*, 127 S.Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [* *8] for 50[*96] years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are still considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## LEGAL DISCUSSION

■ Defendant PRHFA's Motion for Judgment on the Pleadings rests in that it has already been clearly established plaintiffs do not have entitlement to these credits and as such lack a property interest in the same, for which their Section 1983 claim should not be allowed. Upon plaintiffs Las Catalinas and Santa María having been unable to establish a violation of a constitutional right, it is further averred the defendant Executive Director of PRHFA would be entitled to qualified immunity as to plaintiffs' claims.[2] In the

---

1. No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic*, 127 S.Ct. at 1974.

2. However, defendant George Joyner, Executive Director of PRHFA, was only sued in his official capacity for which qualified immunity would not be applicable since qualified immunity confers immunity only from individual capacity suits, such as suits for money damages, that have been brought against government actors. *Nereida–González v. Tirado–Delgado*, 990 F.2d 701, 705 (1st Cir.1993).

alternative, defendant submits plaintiffs' claim is time-barred for the alleged seizure of funds took place more than one year before the filing of the Complaint. (Docket No. 22).

## I. Cause of Action under Section 1983.

To establish defendant's liability under Section 1983 plaintiffs must comply within its provisions that state:

> Every person who, under color of any statute, ordinance, regulation custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... Title 42, *United States Code*, Section 1983.

 Defendant PRHFA claims plaintiffs have not established a cause of action under Section 1983, for they must be able to sustain having been deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. As such, there must have been an actual deprivation of plaintiffs' federally protected rights; and there must have been a causal connection between the defendant's conduct and the deprivation of the constitutional rights claimed.[3]

 Plaintiffs Catalinas and Santa María claim being deprived of monies illegally by defendant's not granting or miscalculating their tax credit under Section 42 of the Internal Revenue Code for their low income qualified properties, that is, being deprived of their property. However, in *United States v. Griffin*, 324 F.3d 330 (5th Cir.2003), unissued tax credits were not considered property for purposes of having defendant charged with fraud for unissued tax credits had zero intrinsic value and, thus, tax credits were not property while there in the state agency's possession.

Furthermore, in examining the statute regarding federal low income housing tax credit program in *Mendoza v. Frenchman Hill Apartments LP*,[4] it was considered that even tenants who were to be evicted did not have a Section 1983. It was concluded the Internal Revenue Code thereunder failed to confer individual rights for it provided only a remedy of specific enforcement in the State courts but did not create a remedy under Federal Law, but rather a private cause of action for specific performance against a taxpayer and not a classic rights-creating language as to the one under Title VII criteria cited by the Supreme Court's analysis in *Gonzaga University v. Doe*[5].

Defendant PRHFA also submits the tax credit created by Section 42 of the Internal Revenue Code is awarded based on criteria to be set by each state agency in a qualified allocation plan which does not identify any particular condition under

---

**3.** The causal connection requires to establish the defendant's own action deprived plaintiff of a protected right and said deprivation was intentional.

**4.** 2005 WL 6581642 (E.D. Washington 2005) (granting summary judgment for defendant on plaintiff's § 1983 claim for eviction without cause of low-income property for no enforceable private right of action for violations under Federal Low Income Housing Tax Credit Act).

**5.** 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (analyzing damages claim by student to enforce provisions of Family Educational Rights and Privacy Act of 1974 for releasing education records to unauthorized persons by addressing the issue of whether federal statutes create rights enforceable under Section 1983).

which the states are obligated to allocate them. Thus, the states have complete discretion regarding how to distribute these tax credit and no single applicant can claim an entitlement to same. 26 U.S.C. § 42(m)(1)(B).

Herein plaintiffs' action is similar to *Barrington Cove, LP v. R.I. Hous. & Mortg. Fin. Corp.*,[6] wherein the Court of Appeals for the First Circuit stated that, when dealing with a historic restauration tax credit, plaintiffs did not have a property interest in tax credits, such as the one claimed herein, for which a cause of action under Section 1983 was lacking. When dealing with an alleged property interest in a government benefit, there must be more than an abstract need or desire for the benefit or mere unilateral expectation the petitioner deserves same. More so when the regulation to manage the benefit vested on the state agency absolute discretion to determine whether federal income tax credits are to be awarded. Thus, there is no cognizable property interest in the promised or expected federal income tax credit.

As such, it can be concluded that plaintiffs Catalinas and Santa María lack a cause of action under Section 1983 and judgment on the pleadings for defendant is warranted.

## II. Statute of Limitations.

■ In the alternative that a cause of action may still be found under Section 1983 as to plaintiffs' claim for the alleged seizure of a percentage of the tax credits, defendant PRHFA submits their claim is time-barred.

■ These credits are allocated by the state housing agency, herein defendant PRHFA, through the use of IRS Form 8609 (Low Income Housing Credit Allocation and Certification). Plaintiffs Catalinas and Santa María received and signed the relevant IRS Forms 8609 on or before April 15, 2010, for which the herein Complaint presented on April 19, 2011, was filed more than one year thereafter. As such, defendant submits that plaintiffs' Section 1983 claim is late.[7]

■ Federal civil rights statutes such as the one under Section 1983 borrow the state's limitation period governing personal injury action, which in the Commonwealth of Puerto Rico is one year. One year governs all personal injury actions and/or tort claims as set forth in the Puerto Rico Civil Code. P.R. Laws Ann. Tit. 31, § 5298(2). *See Torres v. Superintendent of Police*, 893 F.2d 404, 406 (1st Cir.1990). However, Puerto Rico has determined that computation of the statute of limitations for tort actions starts to count not on the date when the starting point of the prescriptive term, but the day after, for the starting point is not counted. *See Carreras–Rosa v. Alves–Cruz*, 127 F.3d 172, 174 (1st Cir.1997).[8] *See also Brademas v. Indiana Housing Finance Authority.*[9]

---

6. 246 F.3d 1 (1st Cir.2001) (no constitutional property interest in federal tax credit).

7. Section 1983 claims accrue when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Street v. Vose*, 936 F.2d 38, 40 (1st Cir.1991) (quoting *Torres v. Superintendent of Police*, 893 F.2d at 407). For purposes of determining when a claimant knew or had reason to know of the alleged injury, we look to the common law cause of action most closely analogous to the constitutional right at stake. *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994). As

the elements in any species of section 1983 "tort" are ordained by its constitutional prototype, we first identify the particular constitutional right allegedly infringed. *See Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994).

8. In Section 1983 cases, Puerto Rico law governs the limitation period, including the close related questions of application, for then when a federal court borrows the state statute of limitation, so too the date on which the limitation period starts to run should be determined by state law defining the application of the limitation period.

Defendant has argued the starting point for the limitation period in this case is April 15, 2010. However, the application of the state computation starting point would be April 2010, and plaintiffs then should have filed this action by such date on the following year, that is by April 16, 2011. However, in the year 2011, the day required for filing of April 16th fell on a Saturday, for which plaintiffs would have been allowed to file their Complaint the next working day available when this Federal Court was open for service, that is, Monday, April 18, 2011. However, the record shows that, although this Federal Court was open for business on said Monday of April 18, 2011, plaintiffs filed their claim on Tuesday, April 19, 2011, at 4:32 P.M.

There is no argument from plaintiffs showing any reason to toll the statute of limitations, for which the filing of the Complaint on April 19, 2011 is considered to be late and the Section 1983 claim time-barred.

### CONCLUSION

In view of the above discussed, it is recommended that defendant's unopposed Motion for Judgment on the Pleadings (Docket No. 22) be **GRANTED.**

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir. 1994); *United States v. Valencia,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the

magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

---

**9.** 354 F.3d 681 (7th Cir.2004)(dismissing as time-barred an action for wrongful denial of federal tax credits under low-income housing credit program).