NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 5 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WESTERN WATERSHEDS PROJECT;
CENTER FOR BIOLOGICAL
DIVERSITY,

No.    20-35693

D.C. No. 1:18-cv-00187-REB

          Plaintiffs-Appellees,

MEMORANDUM[*]

  v.

DEB HAALAND, Secretary of Interior;
BUREAU OF LAND MANAGEMENT, an
agency of the United States,

          Defendants,

STATE OF WYOMING; WESTERN
ENERGY ALLIANCE; CHESAPEAKE
EXPLORATION, L.L.C.,

          Intervenor-Defendants,

  v.

ANSCHUTZ EXPLORATION
CORPORATION, Proposed Defendant-
Intervenor,

          Movant-Appellant.

WESTERN WATERSHEDS PROJECT;

No.    20-35781

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | D.C. No. 1:18-cv-00187-REB |
| Plaintiffs-Appellees, | |
| v. | |
| DEB HAALAND, Secretary of Interior; BUREAU OF LAND MANAGEMENT, an agency of the United States, | |
| Defendants, | |
| STATE OF WYOMING; WESTERN ENERGY ALLIANCE, | |
| Intervenor-Defendants, | |
| v. | |
| ANSCHUTZ EXPLORATION CORPORATION, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted June 9, 2021
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Movant-Appellant Anschutz Exploration Corporation ("AEC") appeals the

District Court's denial of its motion to intervene in this case. In two separate

orders, the District Court (i) denied AEC's request to intervene for purposes of

2

appealing the court's summary judgment decision in the first phase of this case, and (ii) denied AEC's request to participate in subsequent phases of the litigation. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We assume familiarity with the factual and procedural history of this case, which we describe in a separate opinion issued in a related case, *Western Watersheds Project v. Haaland*, No. 20-35780, __ F.4th __ (9th Cir. __, 2022).

We review a denial of intervention de novo, and we review the timeliness element for abuse of discretion. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

Under Rule 24(a), a nonparty is entitled to intervention as of right when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). Although AEC has satisfied the second and third elements, the District Court concluded that AEC's motion was untimely and that its interests were adequately represented by the Western Energy Alliance ("WEA"), a trade association that intervened to represent the interests of member companies in the oil and gas industry, including AEC.

To determine whether a motion for intervention as of right is timely, we

3

consider the totality of circumstances facing the would-be intervenor, with a focus on three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith*, 830 F.3d at 854. AEC moved to intervene within the 60-day window to appeal the District Court's summary judgment decision in phase one, and sought to enter the litigation as the case was "entering a new stage." Both factors favor intervention. *See W. Watersheds*, slip op. at 14–18. The sole prejudice identified by the District Court, the possibility that Plaintiffs will face additional arguments on appeal or during subsequent phases of the litigation, is not a compelling basis for denying intervention. *See id.* at 20–22. Although AEC argued that it did not intervene earlier merely "because it had no reason to suspect the [c]ourt would cancel its leases," *cf. id.* at 23–24, weighing all three timeliness factors, we conclude that the District Court abused its discretion in concluding that AEC's motion was untimely.

Turning to the adequacy-of-representation element, we consider three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d

4

893, 898 (9th Cir. 2011). Although the arguments AEC seeks to raise would become moot if intervention were granted, *cf. W. Watersheds* slip op. at 26, the requirements in Rule 24(a) are to be "broadly interpreted in favor of intervention," and "our review is guided primarily by practical considerations, not technical distinctions," *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted). Here, Plaintiffs have challenged over 2,200 federal leases across the American West. *See W. Watersheds* slip op. at 6. AEC has invested tens of millions of dollars acquiring and developing the leasehold interests imperiled by this litigation, and therefore "has a substantial due process interest in the outcome of this litigation by virtue of its contract" with the federal government, *id.* at 28. Thus, practical considerations persuade us that AEC should be allowed to intervene both in the phase one appeal and in future phases of litigation in which its remaining leases are implicated.

Accordingly, we reverse that portion of the District Court's first order denying AEC's motion to intervene in the phase one appeal. Likewise, we reverse that portion of the District Court's second order denying AEC's motion to intervene in future phases of the litigation.

Costs to be taxed against Plaintiffs-Appellees.

**REVERSED and REMANDED for further proceedings**.