Kirk v. Citigroup Global Markets Holdings Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> DENNY CHIN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

David M. Kirk,

       *Plaintiff-Appellant*,

    v.                                         **22-179**

Citigroup Global Markets Holdings Inc.,

       *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | David Kirk, pro se, St. Johns, FL. |
| **FOR DEFENDANT-APPELLEE:** | Marshall H. Fishman, Samuel J. Rubin, Goodwin Procter, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the district court is **VACATED**, and the action is **REMANDED** for further proceedings consistent with this order.

Proceeding pro se, plaintiff-appellant David Kirk sued defendant-appellee Citigroup Global Markets Holdings Inc., contending that two securities it marketed were not what they claimed to be. In his operative complaint, Kirk alleged that Citigroup advertised the securities as inverses of each other, both pegged to the same underlying S&P GSCI Crude Oil Index. But when the market crashed in March 2020 due to the COVID-19 pandemic, they both lost more than 50% of their value. According to Kirk, this revealed fraudulent mis-tracking, which allowed Citigroup to steal money invested in the securities. Throughout his complaint, Kirk referenced prospectus language to charge Citigroup with false and misleading advertising directed at the public. He alleged that he had purchased one of the securities in reliance on these false representations in the prospectus and suffered losses thereby.

Kirk premised federal subject matter jurisdiction on two grounds. He invoked federal question jurisdiction under the Securities Act of 1933 and the Securities Exchange Act of 1934. And as a Florida resident suing a New York company, he also invoked diversity jurisdiction, relying on punitive damages to exceed the jurisdictional amount in controversy.

Challenging federal jurisdiction, Citigroup moved to dismiss under Fed. R. Civ. P. 12(b)(1). Citigroup argued that Kirk had raised only a New York state fraud claim and not a claim under federal securities law because, his single blanket statutory citation aside, he failed to identify

an actionable misrepresentation or omission. Citigroup also argued that Kirk could not recover punitive damages and thus could not establish the amount in controversy required for diversity jurisdiction, because New York law forbids punitive damages in ordinary fraud cases.

Kirk responded by arguing, in part, that his failure to cite specific statutes—in particular, Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k—did not defeat federal jurisdiction. Instead, he contended, his allegations about how the securities had been falsely advertised were sufficient.

The district court agreed with Citigroup, reading Kirk's complaint to raise only an ordinary New York fraud claim that could not support an award of punitive damages. Because Kirk's complaint did not meet the amount-in-controversy requirement, the court granted Citigroup's motion and dismissed for lack of subject matter jurisdiction. The district court did not address whether Kirk had adequately invoked federal question jurisdiction.

Kirk appealed. We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *See* *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 56 (2d Cir. 2016). We have reviewed Kirk's operative complaint with the requisite liberal construction afforded to pro se litigants, and we agree with Kirk that it adequately pleaded a violation of federal securities law sufficient to confer federal question jurisdiction.

The operative complaint alleged misconduct and false statements in connection with the marketing and sale of securities. For instance, Kirk claimed that prospectus language and marketing materials contained false and misleading statements about, among other things, how the securities tracked the underlying index, and that he was harmed by these misstatements.

By asserting violations of the federal securities law, these allegations suffice to invoke

3

federal question jurisdiction. Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k(a), "provides a private right of action to a person who purchased a security, either directly from the issuer or in the aftermarket, if the registration statement filed with the SEC contained either misstatements or omissions of material facts." *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 484 (2d Cir. 2011). Section 12 of the Act, 15 U.S.C. § 77*l*(a)(2), extends liability to "[a]ny person" who sells a security by means of a prospectus or oral communication that contains an untrue statement of material fact. These statutes are "siblings with roughly parallel elements" and do not require allegations of "scienter, reliance, or loss causation." *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (quotations and citations omitted). Kirk's allegations could also implicate Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. *See Chill v. Gen. Elec. Co.*, 101 F.3d 263, 266 (2d Cir. 1996). The issue of federal question jurisdiction, however, does not turn on whether Kirk stated a claim upon which relief can be granted. That question was not before the district court, and it is not before us now.

We disagree with Citigroup's argument, which it advanced in district court, that Kirk—a pro se plaintiff—was required to cite specific statutes to plead a violation of federal law sufficient to confer federal question jurisdiction. As we have observed, "factual allegations alone are what matters" in evaluating a pro se complaint. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157–58 (2d Cir. 2017) (per curiam) (alteration marks omitted). That Kirk intended to plead a federal claim was evident from both his complaint—which invoked federal securities law in the first numbered paragraph under the heading "Jurisdiction"—and his papers opposing dismissal. He was not haled into federal court unwillingly, but actively sought to avail himself of federal

4

jurisdiction. And while it is true that his briefs could not "amend" his complaint, he could (and did) use them to clarify the intended meaning of the facts he had pleaded. *Cf. Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964–95 (2d Cir. 1981) (observing that a plaintiff consents to federal jurisdiction by pleading facts that could support both state and federal claims and then failing to object to the district court's jurisdiction).[1] In sum, because Kirk's complaint adequately established federal question jurisdiction, the district court erred in granting Citigroup's Rule 12(b)(1) motion to dismiss.

We need not reach Kirk's remaining arguments in light of our disposition. We **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Our conclusion is bolstered by (but does not depend on) decisions by the same district court declining to dismiss on federal question grounds similar cases brought by other investors who used a complaint template prepared by Kirk. *See Jacobson v. Citigroup Glob. Mkt. Holdings Inc.*, 21-cv-2384 (ALC), 2022 WL 268792, at *2 (S.D.N.Y. Jan. 28, 2022); *Zellner v. Citigroup Glob. Mkt. Holdings Inc.*, 21-cv-2413 (ALC), 2022 WL 126002, at *2 (S.D.N.Y. Jan. 13, 2022). The complaints in those actions, of which we may take judicial notice, *see Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000), differ from Kirk's primarily in that they cite Section 11, while Kirk's did not. As discussed above, however, citing a federal statute is not a prerequisite for federal question jurisdiction.