# United States Court of Appeals

## For the First Circuit

No. 16-1549

BEST AUTO REPAIR SHOP, INC.; ELVIS MARTÍNEZ-EVANGELISTA,

Plaintiffs, Appellants,

MARÍA BETANCOURT-BORIA,

Plaintiff,

v.

UNIVERSAL INSURANCE GROUP; UNIVERSAL INSURANCE COMPANY;
CARIBBEAN ALLIANCE INSURANCE COMPANY; EASTERN AMERICA INSURANCE
AGENCY; JUANITA ORTIZ; JOHN DOE; JANE DOE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

Carlos M. Sánchez La Costa, for appellants.
Juan J. Casillas-Ayala, with whom Israel Fernández-Rodríguez,
and Casillas Santiago Torres LLC were on brief, for appellees.

November 16, 2017

**BARRON**, **Circuit Judge**.  Plaintiffs-Appellants -- Best Auto Repair Shop, Inc. ("Best Auto") and Elvis Martínez-Evagelista ("Martínez") -- appeal the District Court's denial of their motion for reconsideration of the District Court's grant of summary judgment dismissing all of their claims.  We affirm, largely on waiver grounds.

## I.

The plaintiffs[1] brought suit in the United States District Court for the District of Puerto Rico against various insurance companies and certain of those companies' employees -- including Juanita Ortiz ("Ortiz") -- pursuant to 42 U.S.C. § 1981 and Puerto Rico law.  With respect to § 1981, the suit alleges that these defendants had unlawfully interfered with the plaintiffs' right to "make or enforce" existing and prospective contracts with the defendants' insureds or third-party claimants.[2]

---

[1] This appeal arises from a pair of consolidated, one of which, early on, also included María Betancourt-Boria ("Betancourt") as a plaintiff.  However, finding that Betancourt's injury was derivative of her interest in the auto repair shop, the District Court terminated her from the case in September 2011.  As Betancourt was already dismissed from the case at all times relevant to this appeal, our references to "the plaintiffs" refer to Martínez and Best Auto.

[2] 42 U.S.C. § 1981 "protect[s] against impairment by nongovernmental discrimination and impairment under color of State law" the right of "[a]ll persons within the jurisdiction of the United States [to] have the same right in every State and Territory to make and enforce contracts," wherein "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits,

Specifically, the suit alleges that these defendants had discriminated against Martínez and his business, Best Auto, by excluding Best Auto as a repair shop for which the insurance companies would reimburse repairs by their insureds or third-party claimants, because Martínez is black and Dominican. Pursuant to the federal courts' supplemental jurisdiction, see 28 U.S.C. § 1367, the plaintiffs also brought related Puerto Rico law claims for negligence and tortious interference with contracts.

On March 8, 2013, the defendants moved for summary judgment with respect to all of the plaintiffs' claims. The defendants included in their briefing an argument that the plaintiffs' negligence claims were more properly characterized as defamation claims and that, as defamation claims, they must be dismissed on summary judgment.

The District Court referred the defendants' summary judgment motions to a magistrate judge. The Magistrate Judge that was assigned the case then issued a report and recommendation that Ortiz's motion be denied, but that the remaining defendants' motion be granted in part. In so deciding, the Magistrate Judge concluded that the plaintiffs' negligence claims were more appropriately characterized as defamation claims, which should be dismissed as

---

privileges, terms, and conditions of the contractual relationship."

time-barred, unsupported by the evidence, or for having failed to allege that the supposedly defamatory statements were not merely opinions for which there could be no liability.[3] All parties filed objections to the Magistrate Judge's report and recommendation, and these objections included objections by the plaintiffs to the characterization of their negligence claims as claims for defamation.

On March 27, 2014, the District Court issued an order denying Ortiz's motion for summary judgment and partially granting the remaining defendants' motion for summary judgment, but denying summary judgment as to: Martínez's 42 U.S.C. § 1981 claims for, prior to February 20, 2009, interference with contracts and interference with Martínez's ability to make contracts; Best Auto's 42 U.S.C. § 1981 claims for, after February 20, 2009, interference with contracts and interference with the making of contracts; and Martínez's and Best Auto's claims for tortious interference with contracts and negligence under Puerto Rico law.

---

[3] The Magistrate Judge concluded that, although the defendants contended in their summary judgment briefing that the plaintiffs' negligence claims should be treated as defamation claims, in their opposition to the motion for summary judgment "[p]laintiffs ma[d]e no effort to respond to [the defendants'] . . . arguments," and that, as the "[p]laintiffs ha[d] not given [the court] any other indication of the basis for their negligence claims," the court would "not do their work for them." Thus, on that basis, the Magistrate Judge recommended granting summary judgment in the defendants' favor, given the numerous grounds on which the Magistrate Judge had determined that the defamation claims failed.

With regard to the negligence claims, in particular, the District Court explained that such claims were appropriately treated as defamation claims, as the plaintiffs did not dispute this characterization in their summary judgment briefing and the Magistrate Judge had, thus, deemed the issue uncontested.

The plaintiffs and the defendants each moved for reconsideration, with Ortiz and the other defendants filing a joint motion for reconsideration. On March 31, 2016, the District Court granted the defendants' motion for reconsideration. In doing so, the District Court granted summary judgment on all the claims against the defendants that remained after the District Court's March 27, 2014 summary judgment ruling. The plaintiffs now appeal this March 31, 2016 ruling granting summary judgment to the defendants.

## II.

We start with the plaintiffs' challenge to the denial of the motion for reconsideration of the grant of summary judgment to the defendants on the § 1981 claims. In the March 31, 2016 motion for reconsideration order, the District Court held that the plaintiffs failed to establish an essential element of a § 1981 action. Specifically, the District Court ruled that, even with "[a]ll reasonable inferences . . . drawn in favor of [the plaintiffs]," the plaintiffs' § 1981 claims failed because the "[p]laintiffs' clients were at liberty to contract with them

without Universal's paying for anything," and, as such, the "plaintiffs cannot point to a prohibited interference with their right to 'make and enforce contracts' under Section 1981."

Whatever doubts we may have about whether the District Court's conclusion is right, the key fact for purposes of this appeal is that the District Court provided a substantial analysis of precedents from both our circuit and from others in support of its conclusion. Yet, the plaintiffs on appeal do not address any of that precedent, or even the underlying legal ruling about the types of claims that are actionable under § 1981, in their opening brief. See Díaz-Colón v. Fuentes-Agostini, 786 F.3d 144, 149 (1st Cir. 2015) (quoting Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011)) (holding "we deem waived claims not made" (internal quotation marks omitted)).

To be sure, faced with defendants' arguments in their brief that the plaintiffs expressly waived the issue by failing to raise it in their opening brief, the plaintiffs do include a short footnote in their reply brief that appears to attempt to address the District Court's statutory holding. But, "[o]ur precedent is clear[] [that] we do not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief." Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29 (1st Cir. 2015). We thus see no basis for overturning the ruling granting summary judgment to the defendants

- 6 -

on the § 1981 claims, given that the plaintiffs' federal claims necessarily fail if the District Court is right about what § 1981 requires, and that the plaintiffs failed to challenge that conclusion in their opening brief on appeal. We, therefore, affirm the denial of the motion to reconsider the dismissal of the § 1981 claims.

### III.

We turn then to the Puerto Rico law claims, which consist of claims for negligence and tortious interference with contracts. As described in our recent opinion in Wilber v. Curtis, 872 F.3d 15 (1st Cir. 2017), when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims if doing so would not serve "the interests of fairness, judicial economy, convenience, and comity." Id. at 23 (quoting Desjardins v. Willard, 777 F.3d 43, 45-46 (1st Cir. 2015)).

As was the case in Wilber, however, the plaintiffs ask us to overturn the District Court's summary judgment ruling as to the pendent claims solely on the ground that the District Court erred in concluding that there was no genuine issue of material fact that would preclude granting summary judgment to the defendants on each of those claims. Furthermore, the only arguments presented to us on appeal do not require us to resolve any difficult issues of Puerto Rico law in order to decide if

affirmance of the District Court's March 31, 2016 ruling is appropriate. We thus proceed to the merits. See Wilber, 872 F.3d at 23 (citing Disher v. Info. Res., Inc., 873 F.2d 136, 141 (7th Cir. 1989)).

We "normally review a district court's decision to grant or deny a motion for reconsideration for abuse of discretion." Santiago v. Puerto Rico, 655 F.3d 61, 67 (1st Cir. 2011). But here, as "the parties' arguments [are] directed to the underlying substantive issue (the propriety vel non of summary judgment) rather than the procedural issue (the desirability vel non of reconsideration)," we review de novo the summary judgment ruling. Id. at 67-68. In doing so, we "take the facts, along with all reasonable inferences therefrom, in the light most favorable to the nonmoving party," and "affirm only if the record, so viewed, discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.

### A.

We start with the "negligence" claims. In the District Court's motion for reconsideration ruling, the District Court held that the plaintiffs had not timely contested the defendants' characterization of the negligence claims as defamation claims. The District Court granted summary judgment dismissing the negligence claims on the grounds that, as defamation claims, they

- 8 -

were time-barred and that, in any event, the plaintiffs had failed to prove an essential element of such claims.

On appeal, the plaintiffs' only argument for reversing the summary judgment ruling as to the negligence claims is that the District Court erred in characterizing them as defamation claims. But, as the District Court found, the plaintiffs did not contest this characterization in their opposition to the defendants' motion for summary judgment. Given that the plaintiffs do not make any arguments that the claims are not appropriate for summary judgment as defamation claims, we thus affirm the grant of summary judgment to the defendants as to the negligence claims. See Schneider v. Local 103 I.B.E.W. Health Plan, 442 F.3d 1, 3 (1st Cir. 2006) (finding that where a party "never responded to any of the arguments against them made by the [the other party] in their summary judgment memo," "an issue . . . ignored at summary judgment may be deemed waived" on appeal (internal quotation marks omitted)).

**B.**

With respect to the District Court's denial of the motion to reconsider the grant of summary judgment in favor of the defendants as to the claims of tortious interference with contracts, we also affirm. In ruling that the defendants were entitled to summary judgment on the tortious interference claims, the District Court found that for certain of the customer

agreements with which the defendants allegedly tortiously interfered, the alleged interference occurred at a time that makes the claims for tortious interference time-barred. And, in their briefing to us on appeal, the plaintiffs do not dispute the District Court's statute of limitations ruling. That leaves, then, only the plaintiffs' challenge to the District Court's ruling granting the defendants summary judgment as to the tortious interference claims that the District Court did not rule to be time-barred.

The District Court ruled that summary judgment must be granted to the defendants as to these remaining tortious interference claims because the plaintiffs did not "submit admissible evidence of enforceable contracts" with respect to these particular claims.[4] In so ruling, however, it is somewhat unclear what the District Court was concluding. On the one hand, the District Court's conclusion may have been that the plaintiffs had not provided sufficient evidence from which a reasonable jury

---

[4] Notably, some of the evidence proffered by the plaintiffs, in the form of charts "summariz[ing] testimony" submitted pursuant to Federal Rule of Evidence 1006 -- which permits the admission of summary charts of documents -- was disregarded by the District Court as failing to comply with Rule 1006. But, the plaintiffs do not develop any argument that the District Court erred in this respect, and, in any event, the District Court found the charts would have been unhelpful to its enforceability determination as they failed to include information such as "the terms of the [alleged] contract" and if the parties "relied on an estimate as a contract."

could find that there were any contracts in place at all.  On the other hand, the District Court was perhaps ruling instead that the plaintiffs had not provided sufficient evidence from which a jury reasonably could find anything other than that, even if contracts had been executed, they were subject to a condition or conditions precedent --  i.e., "completion of [the defendants]'s inspection and adjustment process" which included "[the defendants'] ultimate inspection; a determination of whether the car could be repaired; and how much [the defendants] would pay for the repair" -- that had not been fulfilled at the time of the allegedly "interfer[ing]" actions by defendants.   See Terradata, Inc. v. Budget Rent-A-Car Int'l, Inc., 218 F. Supp. 2d 101, 104-05 (D.P.R. 2002) (explaining "[a] contract subject to a [condition precedent] remains a pre-contract until the [condition precedent] . . . is met," and finding no tortious interference where the condition precedent was not met); Satellite Broad. Cable, Inc. v. Telefónica de España, 786 F. Supp. 1089, 1095 (D.P.R. 1992), opinion adhered to as modified on reconsideration, 807 F. Supp. 210 (D.P.R. 1992) (quoting Henna v. Saure & Subirá, 22 P.R.R. 776, 785 (1915) aff'd, 237 F. 145 (1st Cir. 1916)) (finding, in the case of a contract subject to a condition precedent, no tortious interference as "it is plain that so long as the condition is not realized[] . . . there is no contract . . . . " (emphasis removed)).  Either way, however, the

- 11 -

plaintiffs provide us with no reason to overturn the grant of summary judgment against them as to these claims.

The plaintiffs first argue that the District Court erred by relying on Massachusetts state law rather than Puerto Rico law in granting summary judgment as to these claims and that "under the Civil Code of Puerto Rico, a verbal contract is binding and valid." But the District Court did not grant summary judgment on the ground that the contracts were not enforceable because they were made orally. And, in any event, the District Court cited to a First Circuit case, albeit one concerning Massachusetts law, merely in the course of explaining the nature of a "condition precedent." Thus, we see no error in these aspects of the District Court's ruling.

The plaintiffs next contend that the record shows that there is a genuine issue of disputed fact concerning whether the oral agreements with the customers were subject to a condition precedent in the first place. On that basis, the plaintiffs argue that the District Court's ruling cannot be sustained. But, once again, we do not agree.

Setting aside for the moment what the record shows regarding the alleged contract with one of the customers, Iraida Cardona ("Cardona"), we note that the District Court comprehensively reviewed the record in finding that the customers' agreements were conditioned on the completion of the defendants'

inspection and adjustment process, including the obtaining of authorization from the insurer to make the payments for the repairs. The plaintiffs, however, do not identify any evidence in the record that supports a contrary conclusion. Instead, the plaintiffs point only to the fact that the record shows that the plaintiffs' customers testified that they each had a "contract" with the plaintiffs. That testimony, provided in conclusory fashion, does not suffice to create a dispute of fact as to whether these agreements were subject to an as-yet-unfulfilled condition precedent. And the plaintiffs identify no evidence in the record that suggests that the condition (or conditions) precedent identified by the District Court had been satisfied at the time of the alleged tortious interference with the alleged contracts. Thus, the "contracts" testimony on which the plaintiffs rely does not warrant reversal of the District Court's summary judgment ruling. Cf. WHTV Broad. Corp. v. Centennial Commc'ns Corp., 460 F. Supp. 2d 297, 304 (D.P.R. 2006) (explaining that "while [a] condition precedent is pending it can be said that the [contractual] obligation does not exist" (internal quotation marks omitted)); Terradata, Inc., 218 F. Supp. 2d at 104-05 (finding no tortious interference where the condition precedent was not met).

With respect to the alleged contract with Cardona, the plaintiffs do point out that she testified that she had a binding agreement with Martínez (and/or Best Auto) to repair her vehicle.

The plaintiffs also argue that the record evidence demonstrates that this binding agreement was not contingent on an insurance company first completing its inspection and adjustment process or on Cardona first receiving authorization from an insurer to pay for the repairs.

But, the defendants contend in response that the evidence regarding the agreement with Cardona did not suffice to establish a claim for tortious interference because the record established that "Cardona actually repaired her car at Martínez's shop with her own money" and that her insurance claim was never resolved. In other words, the defendants contend that the evidence shows that Cardona was at liberty to contract with the plaintiffs without the defendants paying for anything and that, as a result, there was no prohibited interference with the contract with Cardona. The plaintiffs simply do not address this ground for affirming the ruling below in their briefing to us, even though the argument that the plaintiffs make would not suffice to warrant reversal of the District Court's ruling if the defendants are right on this score. See Díaz-Colón, 786 F.3d at 149. Accordingly, this argument for challenging the summary judgment ruling fails as well.

The plaintiffs' final ground for challenging the summary judgment ruling as to the tortious interference claims relies on Article 1072 of the Puerto Rico Civil Code, codified at Title 31

§ 3047 of the Laws of Puerto Rico Annotated. The plaintiffs argue that, under § 3047, the District Court necessarily erred in granting summary judgment because, insofar as a contract is subject to a condition precedent, that contract's condition must be "deemed fulfilled" if the defendants "impede[d] the fulfillment of the condition" and there is at least a genuine issue of material fact as to whether the defendants did so impede the fulfillment of the condition of the agreements at issue. But, § 3047 states only that a "condition shall be considered as fulfilled <u>when the obligated party</u> should voluntarily prevent its fulfilment," P.R. Laws Ann. tit. 31, § 3047 (2017), <u>see also</u> <u>Satellite Broad. Cable, Inc.</u>, 807 F. Supp. at 212, and the plaintiffs do not allege that the defendants were an "obligated party" with respect to a contract between the plaintiffs and their customers.[5] Nor do the plaintiffs identify any other authority for reaching the same conclusion that they mistakenly contend is compelled by § 3047. Thus, for this reason, too, the plaintiffs' challenge to the summary judgment ruling on the tortious interference claims fails.

**IV.**

We, therefore, **<u>affirm</u>** the District Court's summary judgment ruling with respect to all claims.

---

[5] The plaintiffs instead make clear the alleged contracting parties were only Martínez and his customers, as they argue only that the agreement of Martínez and each customer was necessary to form each alleged contract.

- 15 -