# United States Court of Appeals
## For the First Circuit

No. 19-1139

GRETCHEN LAUREANO-QUIÑONES,

Plaintiff, Appellant,

v.

DR. RICHARD NADAL-CARRIÓN,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Silvia Carreño-Coll, U.S. Magistrate Judge]

Before

Lynch, Lipez, and Barron,
Circuit Judges.

Hector M. Alvarado-Tizol, Sr. for appellant.
Jeannette Lopez de Victoria, with whom Oliveras & Ortiz, PCS,
was on brief, for appellee.

December 18, 2020

**BARRON**, **Circuit Judge**.  This appeal concerns a pair of claims that Gretchen Laureano Quiñones ("Laureano") brought in 2015 in the District of Puerto Rico against Dr. Richard Nadal Carrión ("Nadal") following her abdominoplasty surgery.  We affirm the grant of summary judgment to Nadal.  We also affirm the denial of Laureano's motion for reconsideration.

## I.

The undisputed facts are the following.  Nadal conducted an abdominoplasty surgery on Laureano on June 29, 2012, after Laureano had signed a consent form that alerted her, among other things, to the risk of scarring.  The surgery left Laureano with a scar that she alleges looks like a second belly button.  Laureano and Nadal agreed that he would perform a cosmetic scar revision and repositioning procedure, but the procedure did not occur after Laureano refused to sign a form that Nadal required her to sign in advance.

Laureano filed suit against Nadal in a local court in Puerto Rico, which was dismissed without prejudice.  Laureano then brought the action before us here in the United States District Court for the District of Puerto Rico on October 16, 2015, based on diversity of citizenship.  See 28 U.S.C. § 1332.  Both she and Nadal consented to having it referred to a United States magistrate judge for all further proceedings, including the entry of judgment. See 28 U.S.C. § 636(c).

The operative complaint sets forth a number of claims against Nadal under Puerto Rico law and requests compensatory damages in the amount of $900,000. This appeal concerns two of the claims, which were for, respectively, negligently failing to obtain Laureano's informed consent before the abdominoplasty and negligently abandoning her thereafter.

The informed consent claim alleges that Nadal failed to disclose and discuss the risks of the abdominoplasty -- including the risks of suffering "the negative results she obtained after the surgery." Laureano contends that if Nadal had "advised that she could obtain bad results, ending with the appearance of two belly bottoms [sic]," she would not have agreed to the surgery.

The patient abandonment claim alleges that Nadal did not perform a corrective procedure after that initial surgery and "never[] followed up with her." Laureano recharacterized this claim below, however, contending that the abandonment consisted not of Nadal's failure to follow up but of his conditioning the corrective procedure on her signing a consent form that she considered unacceptable.

Laureano moved for summary judgment on all her claims -- including the two just described -- on September 19, 2016, and refiled a corrected summary judgment motion ten days later. Each time, she attached a consultation report from Dr.

David Leitner ("Leitner") to support her allegations against Nadal.

Upon Nadal's request, the Magistrate Judge denied Laureano's motion for summary judgment as premature and ordered discovery. After Nadal deposed Leitner, Laureano renewed her motion for summary judgment. At that point, Nadal moved for summary judgment on all of Laureano's claims and filed a motion in limine to exclude Leitner's testimony pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), and Federal Rule of Evidence 702. The Magistrate Judge held a hearing on Nadal's motion in limine and granted it on July 23, 2018, upon determining that Leitner's testimony lacked a reliable foundation. Then, on August 24, 2018, having previously denied Laureano's motion for summary judgment, the Magistrate Judge granted Nadal's motion for summary judgment on the ground that Laureano had failed to provide expert testimony to support her claims against Nadal. The Magistrate Judge reasoned that Puerto Rico law required such testimony for her to establish both that Nadal breached his duty to provide the minimum standard of care owed to her and that there was a causal link between that breach and the harm for which she sought recovery. The Magistrate Judge then denied Laureano's motion for reconsideration. Laureano appeals both the grant of summary judgment to Nadal on her informed consent and patient

- 4 -

abandonment claims and the denial of her motion for reconsideration of those rulings.

## II.

We start with Laureano's challenge to the Magistrate Judge's grant of summary judgment to Nadal on her informed consent claim. We apply Puerto Rico law, see Rolon-Alvarado v. Municipality of San Juan, 1 F.3d 74, 77 (1st Cir. 1993), and our review is de novo, see Hill v. Walsh, 884 F.3d 16, 21 (1st Cir. 2018).

Under Puerto Rico law, "[i]n order to determine the applicable standard of care in a medical malpractice action and to make a judgment on causation, a trier of fact will generally need the assistance of expert testimony." Pagés-Ramírez v. Ramírez-González, 605 F.3d 109, 113 (1st Cir. 2010). Without taking issue with this general requirement, Laureano, who does not challenge the exclusion of Dr. Leitner's testimony on appeal, contends that she did not need to support her informed consent claim with expert testimony.

Laureano relies in part on Cruz Avilés v. Bella Vista Hosp., Inc., 112 F. Supp. 2d 200 (D.P.R. 2000),[1] which also

---

[1] Laureano also contends on appeal that Nadal's failure to give adequate warning violated a regulation issued by the Office of the Patient's Advocate of Puerto Rico. See Office of the Patient's Advocate of P.R., Regulations to Implement the Provisions of Public Law 194 of August, 2000, Regulation No. 7617

concerned an informed consent claim under Puerto Rico law.  Id. at 201.  The district court explained there that, under Puerto Rico law, a medical malpractice allegation based on lack of informed consent "'constitutes an independent and distinct cause of action from a cause of action for medical malpractice in diagnosis or treatment.'"  Id. at 202 (quoting Santiago Otero v. Méndez, 135 D.P.R. 540 (1994), 1994 P.R.-Eng. 909, 224 (P.R. 1994)).  But, in so doing, Cruz Avilés did not purport to take issue with the holding of the Supreme Court of Puerto Rico in Sepúlveda de Arrieta v. Barreto, 137 D.P.R. 735 (1994), 1994 P.R.-Eng. 98, 876 (P.R. 1994), that a plaintiff must "bring expert testimony to establish that[] a reasonable medical practitioner . . . would have divulged the information."  Id. at 743 (citing Fuller v. Starnes, 268 Ark. 476 (1980)); see also id. at 752 (adopting the "medical professional" standard requiring expert testimony).  And while Cruz Avilés relied on the Supreme Court of Puerto Rico's decision in Santiago Otero, nothing in that precedent is at odds with Sepúlveda de Arrieta regarding the issue at hand.

---

(Nov. 21, 2008).  But, Laureano added this contention for the first time in her motion for reconsideration, and she makes no argument as to how, given that it was not made below in opposing Nadal's motion for summary judgment, it nonetheless suffices to show that the Magistrate Judge's grant of that motion must be overturned. See Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 8 (1st Cir. 2011) ("Because appellants forfeited their argument by failing to raise it in a timely manner, we review only for plain error." (citing Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 102 (1st Cir. 2003))).

Laureano also relies on the D.C. Circuit's decision in Canterbury v. Spence, 464 F.2d 772 (D.C. Cir. 1972). But, that case concerned the law of the District of Columbia, not Puerto Rico. Id. at 785. Moreover, in construing Puerto Rico law, the Supreme Court of Puerto Rico has expressly rejected Canterbury's approach and evaluated medical malpractice allegations based on lack of informed consent from the perspective of the physician rather than the patient. See Sepúlveda de Arrieta, 137 D.P.R. at 752-53, 759-60. Under Puerto Rico law, that is, courts determine the scope of a physician's duty of disclosure by looking to the "prevailing medical practice," id. at 753, and assess "causation between the negligent . . . omission and the harm" by asking "what the physician [could] foresee as a normal consequence of his omission," id. at 759.

Thus, because Laureano identifies no supportive precedent and develops no argument as to why, despite the absence of any such authority, her particular claim could survive summary judgment without expert testimony to support it, her challenge to the grant of summary judgment to Nadal on this claim fails. See Rodríguez-Díaz v. Seguros Triple-S, Inc., 636 F.3d 20, 24 (1st Cir. 2011). And because her motion for reconsideration is "directed to the underlying substantive issue (the propriety vel non of summary judgment) rather than the procedural issue (the desirability vel non of reconsideration)," Best Auto Repair Shop,

Inc. v. Universal Ins. Grp., 875 F.3d 733, 737 (1st Cir. 2017) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 67-68 (1st Cir. 2011)), her challenge to the denial of that motion fails as well, id.[2]

## III.

Laureano's challenge to the Magistrate Judge's grant of summary judgment to Nadal on her patient abandonment claim also lacks merit. Here, too, Laureano contends that the Magistrate Judge erred in granting summary judgment against her based on her failure to provide supportive expert testimony, as she claims that there is no such requirement under Puerto Rico law for a claim of this type. And here, too, our review is de novo. See Hill, 884 F.3d at 21.

Laureano identifies no case law that supports her contention that, although Puerto Rico law generally requires that a plaintiff bringing a medical malpractice claim "needs the assistance of expert testimony" to demonstrate "the applicable

---

[2] Although Laureano did raise her contention about Regulation No. 7617 in her motion for reconsideration, she does not argue that the Magistrate Judge committed an abuse of discretion in denying her motion without addressing that contention. Nor do we see how any such argument could succeed, given that Laureano could have raised her Regulation No. 7617 contention earlier but did not. See Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 537 (1st Cir. 2011) (finding no abuse of discretion in the district court's denial of a motion for reconsideration where the movant had asked the court "to consider new arguments that [she] could have made earlier").

standard of care . . . and to make a judgment on causation," <u>Pagés-Ramírez</u>, 605 F.3d at 113, a plaintiff who is bringing a medical malpractice claim for patient abandonment needs no such assistance. Nor does she develop any argument that the Supreme Court of Puerto Rico would hold that a plaintiff bringing such a claim is relieved of that requirement.[3] Accordingly, her challenge to the grant of summary judgment to Nadal on this claim fails, as does her challenge to the denial of her motion for reconsideration. <u>See</u> <u>Best Auto Repair Shop, Inc.</u>, 875 F.3d at 737.[4]

**IV.**

The judgment below is <u>affirmed</u>.

---

[3] Just as Laureano does in connection with her challenge to the Magistrate Judge's grant of summary judgment to Nadal on her claim for lack of informed consent, she argues to us that, based on Regulation No. 7617, the Magistrate Judge erred in granting summary judgment to Nadal on her patient abandonment claim. But, Laureano offers no explanation for how this argument could suffice to require us to overturn the Magistrate Judge's ruling on that score given that she made it for the first time in her motion for reconsideration. <u>See</u> <u>Crispin-Taveras</u>, 647 F.3d at 8 (applying plain error review to arguments in civil cases not properly preserved).

[4] Laureano included her Regulation No. 7617 argument in her motion for reconsideration in connection with her challenge to the Magistrate Judge's grant of summary judgment to Nadal on her patient abandonment claim. But, she provides no basis for concluding that the Magistrate Judge committed an abuse of discretion in denying her motion as to the Regulation No. 7617 argument, given that she "could have made [it] earlier." <u>Feliciano-Hernández</u>, 663 F.3d at 537.