**FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

_____

**BAP NO. PR 24-022**
_____

**Bankruptcy Case No. 23-03125-MAG**
_____

**ROBERTO O. RIOS VARGAS,**
**Debtor.**

_____

**ROBERTO O. RIOS VARGAS,**
**Appellant,**

**v.**

**PLANET HOME LENDING, LLC, Servicer for**
**Estrella Homes III, LLC,**
**Appellee.**

_____

**Appeal from the United States Bankruptcy Court**
**for the District of Puerto Rico**
**(Hon. María de los Ángeles González, U.S. Bankruptcy Judge)**

_____

**Before**
**Cary, Fagone, and Katz,**
**U.S. Bankruptcy Appellate Panel Judges**

_____

**Alberto O. Lozada Colón, Esq., on brief for Appellant.**
**Sergio A. Ramírez de Arellano, Esq., on brief for Appellee.**

_____

**August 28, 2025**
_____

**Cary, U.S. Bankruptcy Appellate Panel Judge.**

The bankruptcy court disallowed a claim asserted by Planet Home Lending, LLC ("Planet Home") against Robert O. Rios Vargas (the "Debtor"). Later, Planet Home asked the court to reconsider the order disallowing the claim. The court obliged, issuing an order that reconsidered the disallowance and allowed the claim. The Debtor now appeals. For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

In February 2023, Luna Residential III, LLC ("Luna Residential") obtained a judgment against Manuel Ángel Jiménez García in an action for foreclosure of a mortgage encumbering real estate located in the Boquerón district of Cabo Rojo, Puerto Rico (the "Boquerón Property"). The Debtor then bought the Boquerón Property subject to the lien. Later, Luna Residential filed a motion in the foreclosure action indicating that the note secured by the mortgage had been transferred to Estrella Homes III, LLC ("Estrella Homes").

In September 2023, the Debtor commenced a chapter 13 case, listing the Boquerón Property as his residence and listing Estrella Homes as a creditor holding a claim secured by that property. In his chapter 13 plan, the Debtor proposed to pay Estrella Homes on account of its secured claim. Planet Home filed a timely proof of claim, Claim No. 4-1, asserting a claim secured by the Boquerón Property. It also attached an escrow statement identifying the borrower as Mr. Jiménez García along with copies of a note and a recorded mortgage signed by him. The proof of claim identified the creditor as "Planet Home Lending, LLC, Servicer for Espacio Residential, LLC" (as opposed to Estrella Homes), and indicated that the claim had not been acquired from someone else. However, the mortgage proof of claim attachment ("Form 410A")

identified the creditor as Luna Residential. Neither the proof of claim nor Form 410A referenced Estrella Homes.

On December 21, 2023, the Debtor filed an objection to Planet Home's claim, asserting that the claim left him uncertain who held the note secured by the mortgage. Citing Bankruptcy Rule 3001(e), the Debtor asserted that Planet Home should provide evidence of any transfer of the claim.[1] He also requested disallowance of Planet Home's claim.

Planet Home, in its asserted capacity as servicer to Espacio Residential, LLC ("Espacio Residential"), opposed the claim objection. As for the identity of the claimant, Planet Home acknowledged that the note had been transferred from Luna Residential to Estrella Homes pre-petition, but it said nothing about any interest that Espacio Residential might have in the note. The Debtor replied that, in the absence of any evidence that Espacio Residential was the owner of the note, the claim should be disallowed. The bankruptcy court ordered Planet Home to respond to the Debtor's reply.

In response, on March 25, 2024, Planet Home, as servicer for Estrella Homes, filed a "Motion in Compliance with Order Re Debtor's Objection to Claim No. 4" ("Motion in Compliance"). In it, Planet Home confirmed that Estrella Homes, not Espacio Residential, was the holder of the claim and admitted that it had filed its original proof of claim as servicer for Espacio Residential by mistake. That same date, Planet Home also filed an amended proof of claim, Claim No. 4-2, identifying the creditor as "Planet Home Lending, LLC, Servicer for Estrella Homes III, LLC." The amended proof of claim was filed along with a copy of the note

---

[1] References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and references to "Rule" are to the Federal Rules of Civil Procedure. Unless otherwise indicated, all statutory citations refer to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

signed by Mr. Jiménez García and an endorsement of the note by Luna Residential to Estrella Homes.

On April 2, 2024, the Debtor filed a "Reply to Answer to Order, Objection to Amended Claim 4-1 and for Imposition of Sanctions" (the "Reply"). This document was docketed as a reply to the Motion in Compliance rather than an objection to Planet Home's claim. In the Reply, the Debtor insisted that because the amended proof of claim named a new creditor it amounted to a new claim that should be disallowed as untimely, citing Gens v. Resolution Trust Corp., 112 F.3d 569 (1st Cir. 1997). He also argued that Planet Home's failure to acknowledge its mistake in a timely fashion amounted to bad faith litigation warranting disallowance of the claim, cancellation of the lien, and an award of attorney's fees. Planet Home responded by providing details of an error that had led its counsel to mistakenly identify the creditor in its original proof of claim.

On April 3, 2024, the bankruptcy court held a hearing on the Debtor's objections to Planet Home's claim, a hearing at which Planet Home did not appear. Several weeks later, the court entered an order partially sustaining the Debtor's objection to Planet Home's amended claim as unopposed and disallowing the claim. The court denied the Debtor's requests for cancellation of the lien and attorney's fees.

Two days later, Planet Home filed a motion for reconsideration, citing Rules 59(e) and 60(b) and asserting that the order disallowing its claim was infected by "a manifest error of due process and/or a manifest error of law." Planet Home argued that it had filed a timely proof of claim and defended its allowance. It maintained the Debtor had not lodged a proper objection to its amended claim, observing that the Reply was not linked to Claim No. 4-2 on the claims register, and the title of the Reply referred to Claim No. 4-1. Beyond that, Planet Home argued

4

that the objection to its amended claim was not supported by Gens because: (1) the amended claim did not assert a new right to payment; (2) the amendment would not prejudice the holders of unsecured claims; and (3) the need to amend was the product of a mistake.

The Debtor opposed the motion for reconsideration on due process grounds, pointing out that Planet Home received notice of the Reply—which clearly objected to the amended claim— and failed to oppose that objection or to appear at the hearing on the claim objections. Then, the Debtor filed a "Motion Requesting Entry of Order Adjudicating the Motion for Reconsideration" renewing the arguments that he made in his original claim objection. He did not request a hearing in this motion or in his opposition to Planet Home's motion for reconsideration.

Acting without a hearing, the bankruptcy court issued an order granting the motion to reconsider, overruling both of the Debtor's objections to Planet Home's claim, and allowing Planet Home's amended claim. The court characterized the motion as a request to alter or amend under Rule 59(e) and concluded that it was "bound to reconsider its order granting Debtor's objection as unopposed and rule that Planet Home's amended claim is not a new claim in light of" Gens. "The fact that Planet Home amended the claim to substitute the identity of the claimant does not assert a new right to payment[,]" the court ruled. Looking to the criteria articulated in Gens and Woburn Associates v. Kahn (In re Hemingway Transport, Inc.), 954 F.2d 1 (1st Cir. 1992), the court found that Planet Home's original timely-filed proof of claim provided the Debtor with adequate notice of the existence, nature, and amount of the claim and Planet Home's intent, as servicer, to hold the Debtor's estate liable. Noting that the Debtor had listed the debt to Estrella Homes in his schedules and provided for the debt in his plan, the court determined that he was aware of the debt pre-petition, and deemed the "proposition that he did not know the real identity of the claimant . . . disingenuous at best." The court also found that

5

the misrepresentation of the identity of the creditor in the original proof of claim would have "no effect on the administration of the case, the Debtor, or the other creditors." Finally, the court opined that "replacing one owner of the mortgage note for another, with the servicer being the same in both claims" was not the product of bad faith or dilatory tactics by Planet Home. Based on this analysis, the court reconsidered its prior order disallowing Planet Home's amended claim and allowed the claim as asserted.[2] The Debtor then took this appeal.

## APPELLATE JURISDICTION

We have jurisdiction to hear appeals from final orders, judgments, and decrees. 28 U.S.C. § 158(a)-(c). An order allowing a claim is a final, appealable order where it resolves the issues raised in the dispute and settles the amount due to the creditor. See Perry v. First Citizens Fed. Credit Union (In re Perry), 391 F.3d 282, 285 (1st Cir. 2004). The order allowing Planet Home's claim and reconsidering the prior order disallowing that claim was a final order because it allowed the claim in the amount asserted and resolved the issues raised in the dispute. As such, we have jurisdiction over this appeal.

## SCOPE AND STANDARDS OF REVIEW

At the outset, we must determine which issues are properly considered on appeal and identify the standards by which those issues should be evaluated. In his appellate brief, the Debtor raises several issues. First, he makes a procedural argument, insisting that the bankruptcy court erred by granting reconsideration without holding a hearing. Second, he makes a timeliness argument, insisting that the court erred by concluding that Planet Home's original

---

[2] Neither of the parties nor the court referenced § 502(j) (which provides for reconsideration of an order allowing or disallowing a claim) or Bankruptcy Rule 3008 (which implements § 502(j)).

6

proof of claim was timely filed.  Third, he complains that the court erred in determining that Planet Home's need to amend was not the product of bad faith or dilatory tactics.[3]

As for the procedural and timeliness arguments, neither was properly preserved for our review because neither was presented to the trial court.  See Mullane v. U.S. Dep't of Just., 113 F.4th 123, 132 (1st Cir. 2024) ("To preserve a point for appeal, some developed argumentation must be put forward in the nisi prius court[.]") (quoting B&T Masonry Constr. Co. v. Pub. Serv. Mut. Ins. Co., 382 F.3d 36, 40 (1st Cir. 2004).[4]  As a result, we review those issues only for plain error.  See id. at 133 (assuming that issues were forfeited, rather than waived, and reviewing them for plain error); see also United States v. Acevedo-Sueros, 826 F.3d 21, 24 (1st Cir. 2016) ("Where a . . . claim would fail even if reviewed for plain error, we have often declined to decide whether the . . . failure to raise the issue below constituted waiver or mere forfeiture.") (citation omitted).  To obtain relief under the plain error standard, an appellant must show: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's]

---

[3] There are also two issues identified in the Debtor's statement of issues on appeal that he neglected to brief—namely, whether Rule 15 governs amendments to proofs of claim and whether Rule 25 applied to Planet Home in its response to the Debtor's claim objection.  We conclude that the Debtor failed to preserve these issues for our review by failing to brief them.  See Tower v. Leslie-Brown, 326 F.3d 290, 299 (1st Cir. 2003) ("[W]e have made it abundantly clear that failure to brief an argument does, in fact, constitute waiver for purposes of appeal.") (citations omitted).

[4] In the proceedings before the bankruptcy court, the Debtor observed that Planet Home's original proof of claim was filed on December 4, 2023, on behalf of Espacio Residential.  He asserted that claim was "defective and contradictory" because one of the documents filed with it listed Luna Residential as the creditor, but the proof of claim did not indicate that the claim had been acquired from another entity or provide evidence of the transfer.  He also noted that the bar date was December 8, 2023.  He did not, however, specifically argue that the alleged defects in the original proof of claim rendered the claim untimely.  And he made no attempt to argue that the original proof of claim was untimely under Bankruptcy Rule 3002(c)(6).  In the absence of any such effort, we conclude that the Debtor's timeliness argument under Bankruptcy Rule 3002(c)(6) was not properly preserved for our review.  See Mullane, 113 F.4th at 132 ("[A] party is not at liberty to articulate specific arguments for the first time on appeal simply because the general issue was before the [trial] court.") (quoting B&T Masonry Const. Co., 382 F.3d at 41).

substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Cipes v. Mikasa, Inc. 439 F.3d 52, 56 (1st Cir. 2006) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)). The third element is met only where the asserted error affected the outcome of the proceeding in a manner prejudicial to the appellant's rights. United States v. Turbides-Leonardo, 468 F.3d 34, 39 (1st Cir. 2006). Stated differently, the appellant must show a reasonable likelihood that, but for the asserted error, the proceeding would have turned out differently. Id. The fourth element requires a showing that a clear "miscarriage of justice will result if the [asserted] error is not corrected." See Cambridge Plating Co. v. Napco, Inc., 85 F.3d 752, 767 (1st Cir. 1996). "Plain error review is 'extremely demanding,' and 'in this circuit, it is rare indeed for a panel to find plain error in a civil case.'" Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 30 (1st Cir. 2015) (quoting Chestnut v. City of Lowell, 305 F.3d 18, 20 (1st Cir. 2002)).

As for the Debtor's final argument concerning bad faith, it is subject to a mixed standard of review. Ordinarily, an appellate court reviews a trial court's decision to grant a motion for reconsideration for abuse of discretion. Best Auto Repair Shop, Inc. v. Universal Ins. Grp., 875 F.3d 733, 737 (1st Cir. 2017). The same is true of a decision to allow an amendment to a proof of claim; that, too, is usually reviewed for abuse of discretion. Belser v. Nationstar Mortg., LLC (In re Belser), 534 B.R. 228, 234 (B.A.P. 1st Cir. 2015). But where, as here, the only issue preserved for appellate review is directed to an underlying legal question (i.e., the standard to be applied in assessing good faith) and a related finding of fact (that Planet Home did not act in bad faith), the appropriate standard of review is de novo as to the legal question and clear error as to the finding of fact. See Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza), 719 F.3d 1253, 1271 (11th Cir. 2013) (concluding that "[t]he legal standard by which the court finds

8

bad faith" under § 707(a) "is a question of law reviewed de novo . . . while the finding of bad faith itself is a factual determination" reviewed for clear error) (citations omitted); <u>Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)</u>, 370 B.R. 236, 245 (B.A.P. 9th Cir. 2007) (reviewing de novo legal standard by which bad faith is measured under § 303(i)(2) and reviewing finding of the absence of bad faith for clear error).

## **DISCUSSION**

**I.      The Bankruptcy Court Did Not Commit Plain Error by Granting Reconsideration Without a Hearing**

The Debtor first maintains that the bankruptcy court erred in granting Planet Home's motion for reconsideration without a hearing. We are not convinced. Under Bankruptcy Rule 3008, "[a] party in interest may move to reconsider an order allowing or disallowing a claim." Fed. R. Bankr. P. 3008. The rule further provides that "[a]fter notice and a hearing, the court must issue an appropriate order." Id. The advisory committee's note to the rule states in pertinent part:

> The court may decline to reconsider an order of allowance or disallowance without notice to any adverse party and without affording any hearing to the movant. If a motion to reconsider is granted, notice and hearing must be afforded to parties in interest before the previous action in the claim taken in respect to the claim may be vacated or modified.

Fed. R. Bankr. P. 3008 advisory committee's note.

The Debtor has seized upon this note, insisting that the order granting reconsideration should be vacated because it was not preceded by a hearing. He has not, however, identified any cases that so hold. He has also failed to explain why the rule of construction provided by § 102(1) should not apply to the phrase "after notice and a hearing" as used in Bankruptcy Rule 3008, as it generally does when that phrase (or a similar phrase) is used elsewhere in the Code

9

and the Bankruptcy Rules.[5]  See Fed. R. Bankr. P. 9001(a) (providing that the rules of construction supplied by § 102 apply to the Bankruptcy Rules); see also Collier on Bankruptcy ¶ 102.02[1] & n.1 (Richard Levin & Henry J. Sommer eds., 16th ed.) (indicating that the phrase "after notice and a hearing" is used more than 70 times in the Code and Bankruptcy Rules and that the rule of construction supplied by § 102 "assists in applying that phrase to a particular circumstance").

We are persuaded that the rule of construction provided by § 102(1) applies to the phrase "after notice and a hearing" as used in Bankruptcy Rule 3008, notwithstanding any suggestion to the contrary that might be derived from the advisory committee's note.  And we conclude that the court did not err by granting reconsideration of the order disallowing Planet Home's claim merely because it did not first hold a hearing.  Moreover, the Debtor has not established that the proceeding would have turned out differently had a hearing been held.  As such, even if the bankruptcy court erred by failing to hold a hearing, that error would be disregarded: relief is not appropriate on plain error review when, as here, there is no showing of prejudice.  See Simpson v. Deutsche Bank Nat'l Tr. Co. (In re Simpson), Nos. CC-12-1445-MkTaJu, 11-38929, 2013 WL 2350967, at *5 (B.A.P. 9th Cir. May 29, 2013) (rejecting the argument that the bankruptcy court

---

[5]  Under § 102(1), the phrase "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]" 11 U.S.C. § 102(1)(A).  The phrase "authorizes an act without an actual hearing if such notice is given properly and if . . . such a hearing is not requested timely by a party in interest[.]"  Id. § 102(1)(B)(i).

> [T]he concept of "after notice and a hearing" . . . is central to . . . the separation of the administrative and judicial functions of bankruptcy judges.  The phrase means after such notice as is appropriate in the particular circumstances (to be prescribed by either the Rules of Bankruptcy Procedure or by the court in individual circumstances that the rules do not cover . . .), and such opportunity for a hearing as is appropriate in the particular circumstances.  Thus, a hearing will not be necessary in every instance.

S. Rep. No. 95-989, at 27 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5813.

should have provided notice and a hearing before reconsidering order disallowing claim because "notice and hearing under the bankruptcy code are flexible concepts" and appellant failed to establish prejudice).

**II.     The Bankruptcy Court Did Not Commit Plain Error by Deeming Planet Home's Claim Timely Filed**

The Debtor's second argument—that the bankruptcy court erred in determining that Planet Home's claim was timely filed—fares no better.  The timely filing of proofs of claim is a subject governed by Bankruptcy Rule 3002(c).  In general, in a chapter 13 case, a proof of claim "is timely if filed within 70 days after the order for relief[.]"  Fed. R. Bankr. P. 3002(c). However, Bankruptcy Rule 3002(c)(6) supplies an exception to the general rule:

> A proof of claim secured by a security interest in the debtor's principal residence
> is timely filed if:
>    (A) the proof of claim and attachments required by [Bankruptcy] Rule
>        3001(c)(2)(C) are filed within 70 days after the order for relief; and
>    (B) the attachments required by [Bankruptcy] Rule 3001(c)(1) and (d) are
>        filed as a supplement to the holder's claim within 120 days after the order
>        for relief.

Fed. R. Bankr. P. 3002(c)(6).  On its face, Bankruptcy Rule 3002(c)(6) simply points to Bankruptcy Rules 3001(c)(1), 3001(c)(2)(C), and 3001(d).  When the documents required by those three rules are timely filed, Bankruptcy Rule 3002(c)(6) is satisfied.  As explained more fully below, Bankruptcy Rule 3002(c)(6) was satisfied here.

Under Bankruptcy Rule 3001(c)(2)(C), a proof of claim based on a security interest in the debtor's principal residence must be accompanied by Form 410A and an escrow account statement if there is an escrow account connected with the claim.  Fed. R. Bankr. P. 3001(c)(2)(C).  The proof of claim, Form 410A, and the escrow account statement are all due within 70 days after the petition date.  See Fed. R. Bankr. P. 3002(c)(6)(A).  Planet Home's

original proof of claim, a completed Form 410A, and an escrow account statement were all filed within 70 days of the petition date. True, the Form 410A attached to the original proof of claim identified Espacio Residential as the creditor, rather than the actual creditor, Estrella Homes. But a mistake in identifying the creditor on Form 410A does not equate to a failure to file Form 410A. That mistake is appropriately viewed as the sort of defect capable of cure by later amendment. See Gens, 112 F.3d at 575 ("[A] simple substitution of the real party in interest . . . for a related party mistakenly listed in the original POC . . . represents a proper ground for amendment."); see also In re Hemingway Transp., Inc., 954 F.2d at 10 ("Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original proof of claim.") (citation omitted).

As for the documents required by Bankruptcy Rule 3001(c)(1) and (d), they consist of a copy of the writing on which a claim is based and, for a claim based on a security interest in the debtor's property, evidence that the security interest has been perfected. Fed. R. Bankr. P. 3001(c)(1), (d). Under Bankruptcy Rule 3002(c)(6), these attachments are due to be filed as a supplement to the proof of claim within 120 days after the petition date. Fed. R. Bankr. P. 3002(c)(6)(B). The writing on which Planet Home's claim is based is the lien on the Debtor's residence, which arose out of a mortgage signed by the prior owner of the Boquerón Property. The Debtor bought the property subject to that lien after Luna Residential obtained a judgment of foreclosure against Mr. Jiménez García. Planet Home filed a copy of the recorded mortgage signed by Mr. Jiménez García along with its original proof of claim. That copy is the writing on which the claim is based and also serves as evidence that the security interest was duly perfected. See Fed. R. Bankr. P. 3001 advisory committee's note ("'Satisfactory evidence' of perfection . . .

12

would include a duplicate of an instrument filed or recorded[.]").  That document, filed with the

original proof of claim, met the requirements of Bankruptcy Rule 3001(c)(1) and (d), and

therefore satisfied Bankruptcy Rule 3002(c)(6)(B), too.[6]

In short, the bankruptcy court did not err, let alone plainly err, in concluding that Planet

Home's claim was timely filed and, even if the court had so erred, the Debtor has made no effort

to establish that the asserted error resulted in manifest injustice.

### III.    The Bankruptcy Court Did Not Err in Determining that Planet Home's Need to Amend Was Not the Product of Bad Faith or Dilatory Tactics

We now turn to the Debtor's final, preserved argument: that the bankruptcy court erred in

concluding that Planet Home did not act in bad faith or engage in dilatory tactics in connection

with the amendment of its proof of claim.  In deciding whether to permit an amendment to a

timely-filed proof of claim, a bankruptcy court "must scrutinize both the substance of the

proposed amendment and the original proof of claim to ensure that the amendment meets three

criteria."  In re Hemingway Transp., Inc., 954 F.2d at 10.

> First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim.  Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate.  Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant.

Id. (citations omitted).

The Debtor contests the bankruptcy court's determination regarding the third criterion.

Specifically, he complains that the court's ruling was not tethered to any definition of bad faith,

---

[6] The Debtor complains that evidence of the transfer of the claim was not filed until more than 200 days after the petition date.  However, such evidence is not required for a proof of claim to be timely filed under Bankruptcy Rule 3002(c)(6).  See In re Field, 604 B.R. 680, 686 (Bankr. D.S.C. 2019) (reaching this same conclusion when the timeliness rules for a claim secured by a lien on the debtor's residence were located in Bankruptcy Rule 3002(c)(7)).

and that it "fails to take into consideration the whole record of this case and the procedural conduct of the claimants." He emphasizes that Planet Home did not amend the claim to reflect that Estrella Homes was the holder of the claim until March 2024, almost six months after the petition date. This procedural record, he says, "clearly shows bad faith and dilatory tactics."

When the court in Hemingway Transport announced bad faith or dilatory tactics as a criterion bearing on the permissibility of an amendment to a claim, it relied upon In re McLean Industries, Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990), which in turn referred to a series of cases that leads back to Foman v. Davis, 371 U.S. 178, 182 (1962). That decision did not deal with amendments to proofs of claims, but rather enunciated standards to employ when assessing whether leave to amend a complaint should be granted under Rule 15(a). See Foman, 371 U.S. at 182. That decision revealed nothing about what "bad faith" or "dilatory motive[s]" look like. See id.

In the wake of Foman, some courts grappling with the meaning of "bad faith" have, like the Debtor, resorted to the dictionary. See, e.g., United States ex rel. Nicholson v. MedCom Carolinas, Inc., 42 F.4th 185, 198 (4th Cir. 2022) (attempting to define the "many-faceted" concept of bad faith). In the context of claim amendments, however, the case law on bad faith and dilatory tactics more precisely turns on whether there is any "evidence whatever from which to infer" that the claimant "intentionally refrained, out of any improper or dilatory purpose" from providing in the original proof of claim the information set forth in the amended claim. See In re Hemingway Transp., Inc., 954 F.2d at 12. Not every delay amounts to bad faith or suggests a dilatory motive. In Gens, for example, an agent incorrectly filed a proof of claim in its own name, rather than as agent for the creditor, and demonstrated "considerable laxity in executing its agency responsibilities[.]" Gens, 112 F.3d at 575. The agent did not file an amended claim to

14

correct the name of the creditor until seven months after the bar date. See id. at 572, 576. On appeal from the bankruptcy court's decision to permit that amendment to the proof of claim, the First Circuit affirmed. Id. at 571. "Were there some showing . . . that [the creditor] gained a strategic advantage or that other parties in interest were unfairly prejudiced, the case for disallowance of the amended POCs would have been much stronger[,]" the court opined. Id. at 576.

Here, Planet Home explained that it mistakenly identified the holder of the claim in its original proof of claim. While it offered no excuse for its delay in correcting the proof of claim, there is no suggestion in the record that Planet Home inaccurately completed its original proof of claim on purpose or delayed in filing the amended proof of claim in order to obtain some sort of unfair advantage. Simply stated, Planet Home's tardiness does not, by itself, establish bad faith or dilatory motives. See Gens, 112 F.3d at 575-76. In the absence of any evidence from which the bankruptcy court could have inferred an improper motive for the mistake and the delay in correcting it, we perceive no infirmity in the bankruptcy court's determination that Planet Home did not act in bad faith or engage in dilatory tactics in amending its claim.

## CONCLUSION

Based on the analysis set forth above, we **AFFIRM** the bankruptcy court's order allowing Planet Home's claim and reconsidering the prior order disallowing that claim.